SAMUEL F. CRAWLEY, Respondent, v. AMOS MULLINS, Appellant.

1. *Landlord and tenant — Lease, construction of — Abandonment — Jury — —Construction of lease not left to, when.*—A dwelling-house was leased solely on condition that the tenant should continuously occupy and run a saw-mill owned by the landlord. This was the sole consideration of the lease. The instrument contained no condition of forfeiture. *Held,* that an abandonment of the mill was an abandonment of the house, and, at the option of the landlord, terminated the lease.

In suit by the landlord for possession of the dwelling-house, the court should tell the jury what formed the consideration for the lease, as far as shown by the instrument, instead of leaving that point to be determined by the jury.

*Appeal from Adair Circuit Court.*

*De France & Hooper*, for appellant.

Defendant was in peaceable possession under a written lease for one year, and the lease cannot be construed as containing a clause of forfeiture. (Jackson v. Silvernail, 15 Johns. 278; Jackson v. Harrison, 17 Johns. 66; Burns v. McCubbin, 3 Kan. 221; Tyler on Eject. 286; Taylor on Land. and Ten., §§ 277–8, 291.) Though there is a covenant to surrender in a certain event which takes place, yet the lessor cannot enter and expel the lessee unless the right of re-entry is reserved in the lease. (1 Washb. Real Prop. 321.)

*Harrington & Cover*, for respondent, cited in argument Willison v. Watkins, 3 Pet. 43; Highland v. Wood, 21 Ill. 470; Leadbeater v. Roth, 25 Ill. 587; 1 Washb. Real Prop. 363; Schuisler v. Ames, 16 Ala. 73; McKinney v. Reader, 7 Watts, 123; Fortier *et al.* v. Ballance, 10 Ill. 41.

BLISS, Judge, delivered the opinion of the court.

Action for unlawful detainer. The plaintiff had leased a sawmill and dwelling-house to defendant for one year. No money rent was to be paid, but the lease was conditioned that the defendant was to run the mill in a careful and skillful manner; was to put in his and his boys' time against the capital invested in the mill, pay half the expenses of running, take care of tools and mill, etc.; in consideration of which the plaintiff was to furnish him the use of a dwelling-house, and the proceeds of the mill were to be divided between them. After running the mill a few months, the defendant went away, leaving his family in the house, and the plaintiff took possession of the mill. The defendant returned, remained a week or two, but did not go into the mill, and again left. The plaintiff then brought this action to obtain possession of the house.

There is no condition of forfeiture in the lease, and the action is based solely upon the ground of abandonment. The case was tried in the Circuit Court on appeal, and upon that point the

following instruction was given: "'If the jury believe from the evidence that the plaintiff, on the 22d of February, 1869, leased to defendant his steam saw-mill and dwelling-house (the possession of which is involved in this suit) for one year, and that the inducement and consideration for the leasing of said dwelling-house was the leasing of said mill; and shall further believe that the defendant, on or about the 1st day of July, 1869, quit the possession of said mill with the intention to abandon the same, and did abandon the same, then the abandonment of said mill was an abandonment of said dwelling."

A number of instructions were asked by defendant and refused, most of which were correct in the abstract, but they did not pertain to the question developed, and if the above instruction be correct, the judgment must stand.

An abandonment of the premises under the circumstances must be held to terminate the lease. The benefit to the lessor depended entirely upon the continued occupation and running of the mill, and when it was deserted he had a right to enter and consider the term as ended by act of the lessee. It is analogous to, though stronger than, the case of an abandonment by the lessee from whom a money rent is due, without leaving goods upon the premises sufficient to answer the rent. In that case it is held that the lessor may let the term run out, and collect the rent if he can, or he may enter; in which case the lessee is responsible for rent only up to the time of entry. (McKinney v. Reader, 7 Watts, 123 ; Schuisler v. Ames, 16 Ala. 73.) In the last case it does not appear that the rent could not have been collected, and the court held that the landlord was not bound to let his premises lie idle and unoccupied, as it might be more injurious to him than to enter and lose the rent.

In the case at bar the court held that if the lease of the mill was the consideration for the lease of the dwelling-house, an abandonment of the mill was an abandonment of the dwelling.

The instruction is somewhat inartificial, but the jury were not misled and no injustice was done. The court should have construed the writing and decided what was the consideration for the lease of the dwelling-house so far as shown by the instrument,

instead of leaving it to the jury. But the actual construction was right; possession of the property was given to enable the defendant to run the plaintiff's mill; there was no other consideration, and by abandoning the mill the substance of the lease was destroyed. A retention of the house would be a fraud upon the plaintiff, and he should be entitled to possession. In view of this controlling question, the others raised by appellant are unimportant, and the judgment is affirmed. The other judges concur.