JACOB S. MACLARY, plaintiff below and in error *vs.* GEORGE TURNER, defendant below and in error.

WRIT OF ERROR TO THE SUPERIOR COURT OF KENT CO.

**Landlord and Tenant. Replevin.**—The lessee of personal property may avail himself of the action of replevin to recover the possession of such property.

**Same.**—If a tenant abandons a farm before the lease has expired the possessory right in whatever is on the farm reverts to his landlord.

**Sales.**—Under the statute, there can be no valid sale of personal property unless it be accompanied with the ability to make delivery of possession.

This was a writ of error taken in a case tried at the April term, A. D., 1892, in and for Kent County, being an action of replevin brought to recover a crop of hay, corn, and fodder grown upon the lands of a certain Mrs. Trumpeller.

From the facts in the case, which were not disputed, it ap-

peared that Mrs. Trumpeller was the owner of certain real estate situated in Kent county. This property was demised for the year commencing March 1st, 1886, to A. C. McLean, who, under and in pursuance of that demise, entered into possession of the premises, agreeing to pay to Mrs. Trumpeller by way of rent one-half of the corn and one-half of the fodder grown upon the land. He occupied these premises until September 25th, 1886, the corn having been cut and shocked and the hay being stacked on the farm, when he, being largely indebted to Mrs. Trumpeller, abandoned the premises and went beyond the limits of the State. On the same day that the tenant abandoned the premises he executed a paper which was signed by him as the attorney in fact for Mrs. Trumpeller, which to all intents and purposes, constituted what in law might be called a bill of sale, by which, in consideration of a certain amount of money, he sold to Maclary the plaintiff in error, the corn in the shock and also the clover and timothy hay upon the premises. That paper was executed by McLean, the tenant, having been prepared by R. R. Kenney, Esq., and was left with Mr. Kenney to deliver to Maclary and McLean left without the delivery of the paper, which, it appeared, came into the hands of Mr. Maclary after McLean had left the State.

Soon after McLean left the farm Turner, the defendant in error, as the agent of Mrs. Trumpeller, took the farm in charge and forbid Maclary from entering upon it to husk and remove the corn and to remove the hay. Maclary made a demand for the corn and hay after September 27th and before October 13th, 1886, which Turner refused to deliver. On the latter date Maclary procured a writ of replevin under and by virtue of which the property was taken.

At the trial the plaintiff offered in evidence a paper purporting to be a letter of attorney from Mrs. Trumpeller to Maclary to transact certain business for her, but made no direct proof of its execution ; he also produced a notice to quit purporting to be signed by Mrs. Trumpeller and without having made any proof of the signa-

ture to it, sought to introduce expert testimony by comparison of handwritings that the signature to the letter of attorney was not the genuine handwriting of Mrs. Trumpeller.

The Court rejected the evidence and held that before the admission of a paper, for comparison by an expert it must be proved to the satisfaction of the Court or admitted to be a genuine paper.

CULLEN, J. charged the jury as follows: This is an action which lies for the recovery of the special articles which have been taken or detained by a person whom the claimant holds has no right to them. Under this special form of action the value of the articles may be recovered in money, if the property itself cannot be found, or the property may be recovered by a judgment of " *Retorno Habendo* " if the possession thereof can be had. If, however, an action of replevin be brought for the recovery of property which in the meanwhile has been used up, being of a perishable nature, or which has been removed so that they cannot obtain it, then, under the law in this case, if the party is entitled to recover, he may recover the money; that is, the value of the property together with such an amount as you may deem proper and right to indemnify him by reason of the wrongful retention of the property.

In this action, differing from most actions, the question is as to the right of possession. Replevin lies for all goods and chattels unlawfully taken or detained, and may be brought whenever one person claims personal property in the possession of another, and this whether the claimant has ever had possession or not, and whether his property in the goods be absolute or qualified, provided he has the right to the possession. Therefore the question of possession enters very materially into, and becomes the gist of every action of replevin which may be instituted, for instance, when a person who is not the real owner of the property brings an action (of replevin) when the property of another is entrusted to him. If a man rent to another a yoke of oxen or a horse for the term of one year, the lessee under such circumstances has the right

to the use of the property for and during that term, and although he is not the owner of the property in law, yet, having the legal right of possession, if anybody takes it from him he has the right of an action of replevin and he may recover.

From the facts in this case, which are not disputed, it appears that Mrs. Trumpeller was the owner of certain real estate situated in this county. This property was demised for the year commencing March 1st, 1886, and would of course terminate on March 1st, 1887. Under and in pursuance of that demise he entered into possession of the premises, agreeing to pay by way of rent one-half of the corn and one-half of the fodder grown upon that land. He occupied these premises until sometime in the month of September, the corn having been cut and shocked and the hay (part of which was clover and part timothy hay) being stacked in a certain field, when he left or abandoned the premises and went beyond the limits of this State.

This then presents to you the case of a tenant in the possession of a rented farm abandoning it of his own accord, leaving the property; and the next question that arises under those circumstances is in whose possession was the property which remained on the rented premises? Under these circumstances a man being lawfully in possession of a farm as a tenant, leaving and abandoning that farm, the primary right in whatever was upon that farm reverted to the owner of the property who was, in this case, Mrs. Trumpeller. Mr. McLean was the tenant. He absconded some time in the month of September, 1886. Before he left it appears that there was a paper executed by him, which to all intents and purposes constitutes what in law may termed a bill of sale. In consideration of a certain amount of money he bargained and sold to Mr. Maclary the corn in the shock and also the timothy and the clover hay upon the premises. That paper appears to have been executed by Mr. McLean, the tenant, drawn by Mr. Kenny, and McLean left without the delivery of that paper. That paper, as appears from the testimony of Mr. Maclary, in whose

favor the bill of sale was made, came into the hands of Mr. Mac-lary after the departure from this State of Mr. McLean. Admitting for the sake of argument that if property is conveyed by bill of sale, no right vests in the vendee until there is a delivery of that which carries the title, yet if there was a sale; then, of course, that sale amounted to this, that upon delivery of that property, even though the property belonged to the vendor, yet no title could vest in the vendee until delivery of that paper.

This property having been abandoned by Mr. McLean and being in the possession of George Turner, the agent of Mrs. Trumpeller, the next question that we are to consider upon the facts which are admitted and not disputed is, " In whose possession was this corn and fodder." Here was a paper which was delivered after McLean was away. He having abandoned the premises, not being in possession under those circumstances, the Court must say to you that under the provisions of the statute of frauds, there can be between the vendor and vendee no valid sale of personal property, unless it be accompanied with the possession.

As to the rights of the person, whether it was a joint ownership as between Mrs. Trumpeller and Mr. McLean, we do not deem that that enters as such a necessary ingredient into the case, that relative to it we should give you any opinion. It is necessary, in order to constitute a valid sale and to vest whatever right might be in Mr. McLean—whether it be the one undivided half part or that it was the whole and that the tenant had the right, not only to sell his own individual interest, but also the interest of the landlady, not only that there should be a " bona fide " sale, but also the ability to make delivery of possession. It is contended by one side here that there was no delivery of possession, because it was not in the power of the party to deliver possession of that which he himself did not hold. As to such opinion, we do not think any possession was delivered until that paper was delivered, whatever may be the title, whether it be the right to sell one half or the whole, on the part of Mr. McLean. The possession not being in his power, the

right given him, not being acquired by possesssion, no right passed to Mr. Maclary, and he has no right to recover in this action of re-plevin.

If you are satisfied from these facts that this man was not in possession of this corn and fodder when he sold the same, then, as he could not give possession, your verdict should necessarily be in favor of the defendant; and the amount of your verdict should be the value of the property which it appears has been replevied from Mr. Turner, who was acting as the agent of Mrs. Trumpeller, to-gether with interest which has accrued, by way of damages for its detention.

There was a verdict for the defendant for $239.01.

Exceptions were taken by the plaintiff to the rejection of the power of attorney and also to the entire charge of the Court.

The case was heard before WOLCOTT, Ch., and GRUBB and MARVEL, JJ.

*C. H. B. Day,* for plaintiff in error. The handwriting may be proved to a sealed instrument without calling a witness to the in-strument, where the witnesses are without the jurisdiction of the Court, without proving the handwriting of any one of the wit-nesses. Where a witness has received letters of communication from the party whose handwriting is sought to be proved, an expert may be called to prove that the person who wrote the communica-tion also signed the paper. 1 Greenl. Evidence 769; *Clark vs. Sanderson,* 3 Binn. 192; *Valentine vs. Piper,* 22 Pick. 85.

The tenant in leaving the farm did not abandon it, but did make a bill of sale delivering the same to a third party. By such delivery the right of property followed the right of possession and no right of property vested in Mrs. Trumpeller or in George Tur-ner, as her agent, and there could be no such interest in the prop-erty as could revert to said Mrs. Turner or her agent. The lease or right was assignable. Noyes, Maxims, *89 ; *Hatch vs. Hatch,*

9 Mass. 307 ; *State to the use of Allen Thompson vs. McClary et al.*, 1 Harring. 520 ; *Enly vs. Nowlin*, 1 Baxt. (Tenn.) 164 ; *Davis vs. Reynolds*, 1 Stark. 92 ; *Gibson vs. Stevens*, 8 How. 384.

The tenant is not owner of the entire crops (although the landlord is entitled to-half or other share) until the crops are divided and the landlord's crops are set aside to him. The landlord and tenants are not tenants in common of the crops. Paynter, Code 710. *Alwood vs. Ruckman*, 21 Ill. 200 ; *Dixon vs. Nicol et al.*, 39 Ill. 372 ; *Stewart vs. Coughty et al.*, 9 Johns. 107 ; *Frout vs. Hardin*, 56 Ind. 165 ; *Townsend, et al., vs. Isenberger et al.*, 45 Iowa 670.

The statute of frauds does not require that in order to make a valid sale between the vendor and vendee it should be accompanied with possession, but shall be actually delivered into the possession of the vendee as soon as conveniently may be after making such sale. The sale of a specific chattel passes the property to the vendee without delivery. Revised Code ch. 63. *Cleaver vs. Ogle*, 1 Houst. 453 ; *Taylor vs. Richardson*, 4 *id.* 300 ; *Pleasance vs. Pendleton*, 6 Rand. 525 ; 2 Selwyn, N. P. 1357.

If a deed be made of goods and chattels and delivered to the use of the donee the property of the goods and chattels are in the donee *presently ;* before any entry or agreement the donee may refuse them ; Noyes, Maxim. 17 ; 1 Duer 49 & note ; 1 Salk. 300 ; *Hatch vs. Hatch*, 9 Mass. 307.

*J. Alexander Fulton,* for defendant in error. There was no error in rejecting either the paper purporting to be a letter of attorney or that purporting to be a notice to quit (the latter being offered for the purpose of comparison), as there was no proof of the execution of either ; 16 Del. Laws, ch. 536, 707.

A tenant, paying rent in kind, or in a share of the crops, who without the consent of his landlord, voluntarily abandons the premises before the expiration of his term and absconds before the crops are gathered, cannot sell them to stranger, and thereby deprive his landlord of his rent. Rev. Code, ch. 120, §§ 23, 62–

65, 71; *Humphreys vs. Smith*, 4 Houst. 9; *Crawley vs. Millins*, 48 Mo. 517; *Daniels vs. Pond*, 21 Pick. 367; *Briggs vs. Oaks*, 26 Vt. 138.

"Abandonment of the premises by the tenant amounts to a surrender. The abandonment of the premises by the tenant is a restoration of the occupancy by the landlord;" 12 A. & E. Encyc. of Law 751–752, 758.

A landlord, renting land on the shares, has a lien on the crops for his rent, and neither the tenant, nor any one claiming under him, can, without the landlord's consent remove them from the premises until the rent is paid. The pretended sale by McLean to Maclary was invalid and void: Because (1) the former had previously abandoned the farm and the property; and, (2) because there was no delivery as required by the statute of frauds; Rev. Code, ch. 63, § 54; *Perry vs. Foster*, 3 Harring. 293.

Even if there was error committed, which is emphatically denied, yet, if it is apparent from the whole case that the plaintiff could not recover, there will be no reversal.

The judgment was affirmed without an opinion.