P. J. MULLANEY, Appellant, v. EARNEST O. McREYNOLDS and LUCINDA MURRAY, Respondents.

Springfield Court of Appeals, April 7, 1913.

1. **EJECTMENT: Equitable Matters Injected: Right to Jury Trial Properly Denied.** In an action in ejectment, where both parties, by their pleadings, injected equitable matters into the trial of the case, the appellate court will not consider a complaint of the plaintiff that the trial court tried the case as one in equity and denied him the right of trial by jury.

2. APPEAL: Conflicting Testimony: Trial Court's Finding Not Disturbed. The appellate court will not interfere with the finding of the trial court on questions of fact concerning which the testimony is conflicting.

3. LANDLORD AND TENANT: Abandonment of Lease: Right of Re-entry. Whether or not a lease has been abandoned by the tenant so as to confer a right of re-entry on the landlord is largely a question of fact to be determined from the acts and intentions of the parties.

4. ————: Surrender of Premises: By Operation of Law. Any act amounting to an agreement on the part of the tenant to abandon and on the part of the landlord to resume, possession of demised premises, amounts to a surrender by operation of law.

5. ————: Failure to Pay Rent: Absence of Forfeiture Clause. In the absence of a forfeiture provision for nonpayment of rent in a lease nonpayment of rent alone does not generally give a right of forfeiture and re-entry.

6. ————: Forfeiture Provision Not Material on Question of Abandonment. The absence of a forfeiture provision for nonpayment of rent, is not material where the question is one of abandonment.

7. ————: Abandonment of Lease: Rights of Third Parties. Rights of third parties having attached to abandoned premises, the tenant who so far abandoned the property as to justify the land-owner in re-entering and leasing same to another, will not afterwards be heard to demand possession.

Appeal from Jasper Circuit Court. Division Number Two.—*Hon. David E. Blair,* Judge.

AFFIRMED.

*Thompson & Thompson* for appellant.

(1) Where an agent, without written authority, executes a written lease to lands for a term of more than one year, and his principal thereafter accepts rents, and the lessee is put in possession of the premises, the acceptance of rents by the principal constitutes a ratification, and the principal thereafter cannot invoke the Statute of Frauds to deny the authority of his agent to execute such lease. Bless v. Jenkins,

129 Mo. 647; Orr v. McCurdy, 34 Mo. App. 418. (2) Any act of the lessor, done with knowledge of a cause of forfeiture by the lessee, affirming the existence of the lease, and recognizing the lessee as his tenant, is waiver of such forfeiture. Tranerman v. Leppencott, 39 Mo. App. 478; Hearsh v. Jerman Ins. Co., 130 Mo. App. 457; Coleman v. Co., 125 Mo. App. 643; Tetley v. McElmurry, 201 Mo. 382; 24 Cyc. 1360 (11). (3) Demand for payment of rent must have been made of the lessee before there can be a forfeiture. Blackman v. Welch, 44 Mo. 41; 24 Cyc. 1355 (11); 24 Cyc. 1360 (11); Tranerman v. Leppencott, 39 Mo. App. 478. (4) In the absence of a provision, to such effect, in a lease, nonpayment of rent does not as a general rule work a forfeiture, and hence confers no right of re-entry. Tetley v. McElmurry, 201 Mo. 382; R. S. 1909, secs. 7903 and 7904. (5) To constitute an abandonment, in respect to a right secured there must be a clear, unequivocal and decisive act done which shows a determination in the individual not to have a benefit which is designed for him. 1 Cyc. 5 (3.); Tayon v. Lodew, 33 Mo. 305; Hickman v. Link, 116 Mo. 123; Landes v. Perkins, 12 Mo. 238. (6) This being an ejectment case plaintiff was entitled to a trial by jury, and the court erred in denying same. Blackman v. Welch, 44 Mo. 41. (7) A tenant cannot dispute his landlord's title, and defendant McReynolds being a tenant of plaintiff Mullaney, the court erred in admitting the testimony of said McReynolds denying appellant's title. Walker v. Harper, 33 Mo. 592; Pierce v. Rollins, 60 Mo. App. 497. (8) A tenant will not be permitted to deny that his landlord had title at the commencement of the term; hence, McReynolds cannot question the authority of Lucinda Murray's agent to execute the lease to Mullaney. Staggs v. Eureka T. & Cr. Co., 56 Mo. 317; Robinson v. Troup Min. Co., 55 Mo. App. 662.

Mullaney v. McReynolds.

*J. D. Harris* and *A. G. Young* for respondents.

(1) A tenant, in possession, and in arrears for rent cannot defend an action in ejectment by the landlord to forfeit and for possession, for nonpayment of rent, until he first pay the rent for which he is in default. Avery v. Railroad, 113 Mo. 567. (2) For a stronger reason then, a tenant, out of possession, who concedes a forfeiture for nonpayment of rent, cannot maintain a suit for repossession against his landlord, without first paying the rent so in default. Avery v. Railroad, 113 Mo. 567. (3) Where the tenant failed to pay the rent when due, the lease was thereby forfeited and .a right of action then accrued to the landlord for possession. Avery v. Railroad, 113 Mo. 567; Kirk v. Mattier, 140 Mo. 35. (4) Mullaney admits the breach for failure to pay rent, and admits that his landlord, Lucinda Murray, recovered possession of the premises, by re-entry, without suit. These things concurring—breach of condition and re-entry—the contract of rental was at an end, as effectually as if the landlord, for breach of condition, had declared a forfeiture and recovered possession by action of ejectment. Kirk v. Mattier, 140 Mo. 35; Avery v. Railroad, 113 Mo. 567. (5) It is true that if the tenant were in possession of the premises and the landlord were seeking to enforce a forfeiture and recover the possession, the tenant could defeat the forfeiture by paying the rent in arrears. In the case at bar, however, the tenant is out of possession, the landlord has re-entered and taken possession for failure to pay rent, after the premises had been abandoned by the tenant, and the tenant refuses to pay the rent in arrears. Under the circumstances, no action to recover the possession of the premises can be maintained by him. Avery v. Railroad, 113 Mo. 567. (6) The mere fact. that the landlord was indulgent and accommodating, and allowed the default in rents to continue and

increase does not constitute a waiver of her right to stand on the forfeiture for nonpayment of rent. Douglas v. Herms, 53 Minn. 204, 54 N. W. 1112; Avery v. Railroad, 113 Mo. 567; Meath v. Watson, 76 Ill. App. 516. (7) A surrender may be inferred from the circumstances and conduct of the parties evincing that they both agree to consider a surrender as made. Huling v. Roll, 43 Mo. App. 234; Beall v. White, 94 N. S. 382; Bedford v. Terhune, 30 N. Y. 453; Fry v. Partridge, 73 Ill. 51; McGlynn v. Brock, 111 Mass. 219. Churchill v. Lammars, 60 Mo. App. 248, *et seq.;* 24 Cyc. 1392; Talbot v. Whipple, 14 Allen, 177; Sessinghaus v. Knocke, 127 Mo. App. 303. (8) The answer of Lucinda Murray set up an equitable defense upon which she asked for affirmative relief. This answer converted the original action in ejectment into a suit in equity. This same result likewise followed from the nature of the reply filed by appellant to this answer. Hubbard v. Slavens, 218 Mo. 619; Swon v. Stevens, 143 Mo. 392; Martin v. Turnbaugh, 153 Mo. 172; Tetley v. McElmurry, 201 Mo. 386. There was, therefore, no error in refusing a jury in this case. Hubbard v. Slavens, 218 Mo. 619. And the demand for a jury was waived, and this question goes out of the case. (9) Plaintiff's suit being originally in ejectment, he must recover, if at all, on the strength of his own title. He admits the breach for nonpayment of rent; he admits the landlord has re-entered and taken possession on condition broken; he admits that he is out of possession with condition broken and re-entry already made. He does not offer to purge himself of the broken condition. It follows he has no title. Large v. Fisher, 49 Mo. 307; Foster v. Evans, 51 Mo. 39; Mulherin v. Simpson, 124 Mo. 611.

STURGIS, J.—The plaintiff brought this suit in ejectment for the possession of certain lands in Jasper county, Missouri, predicating his title and right

to possession on a lease from the defendant Lucinda Murray, the owner of the land. The defendant McReynolds filed answer admitting possession and justifying such possession on a later lease from the same owner. The answer of Lucinda Murray is a general denial, together with a plea that the alleged lease to the plaintiff purports to be for a term of five years; and, not having been signed by her or her agent thereto lawfully authorized in writing, the same was void under the Statute of Frauds; also that the plaintiff had forfeited his lease and right to possession to the land by abandonment of possession and surrender back to her as owner; also that plaintiff had forfeited his lease by failure to pay rent as therein provided. Her answer prayed that said lease to plaintiff be declared null and void for the above reasons; and that, as the same casts a cloud upon her title, that the same be cancelled and the plaintiff be perpetually enjoined from claiming any right to said premises or the possession therof. Plaintiff filed a reply to these answers, in which he likewise prayed that the lease to defendant McReynolds be declared fraudulent and void for certain reasons therein stated, and that defendant McReynolds be perpetually enjoined from claiming or asserting any right to the said land or to possession thereof.

One of the errors complained of by plaintiff is that the court denied him the right of trial by jury. It appears from the pleadings that both parties sought to inject equitable matters into the pleadings and trial of this case and after so doing the plaintiff ought not to be heard in any complaint that the court tried the case as one in equity. Besides this, the judgment entered by the court recites that the parties waived a jury.

The facts in the case show that defendant Murray placed the land in question in the hands of A. G. Young, of Webb City, Missouri, to rent for her, giving

him full power and authority, though not in writing, to rent the same, collect the rent and take full charge of this part of her business. Mr. Young rented the land to plaintiff for a term of five years, beginning March 1, 1909 and ending March 1, 1914. This written lease was signed "Lucinda Murray by A. G. Young, Agent." The land in question is agriculture land and was leased to plaintiff for that purpose. The plaintiff went into possession of the land in question under this lease and almost exclusively by subtenants farmed the same for the years 1909 and 1910. The plaintiff himself did very little, if any, farming of this land and had no teams or farming implements of any consequence with which to carry on farming operations. The lease contained a clause forbidding him to sublet the premises or any part of the same, but we think the evidence is clear that the landowner, personally and through her agent, had full knowledge that the plaintiff was farming the land almost exclusively by subletting it to others and waived this provision of the lease.

It is also shown that plaintiff's farming venture was not much of a success; and that during the two years during which he farmed the same, in the manner above mentioned, his income from the same was hardly enough to pay the rent due Mrs. Murray as landowner. Some of the subtenants paid the plaintiff cash rent and others paid him grain rent. To some of them he gave leases on parts of the land coextensive with his own lease, and others had shorter leases with options to renew the same from year to year. In the fall of 1910, the plaintiff, then being in arrears in the payment of his rent to the extent of $75 or more, without any notice to defendant Murray or her agent left this State and went to Texas. He gave very little information to his subtenants or to anyone else as to his purpose in going there; how long he intended to stay; when, if ever, he intended to return or what he in-

tended to do further with this land. He says himself that he went there for the purpose of working during the winter season, so as to raise money to pay some debts that he owed, including one to A. G. Young. He also claims that he gave directions to two of his subtenants to pay some rent that would be due about March 1, 1911, to the Bank of Diamond, and that that bank would remit the same to Mr. Young to be applied on the rent. Another installment of rent was due on March 1, 1911, and it is shown by the evidence that the amount to be paid by these subtenants, had it been paid, would not have paid the amount of rent owing by plaintiff. These subtenants did not pay the rent due from them, whether through some misunderstanding with the bank cashier or for some other reason is not certain or material. It is conceded that neither defendant nor her agent knew anything as to the whereabouts of plaintiff or as to his intentions with reference to his lease.

In this condition of affairs, shortly after the first of March, 1911, Mr. Young, believing as he says that plaintiff had abandoned the premises, again rented the same for a period of five years to the defendant McReynolds, executing to him a written lease, under which he took possession of the land in question. The plaintiff did not return to this State until August, 1911, though in the meantime he had written to Mr. Young to know if the subtenants had paid the rent to him, whereupon Mr. Young informed him that they had not and that he had rented the land to defendant McReynolds. Plaintiff says he intended to return about March 1st and gives as his reason for not returning sooner that he had received an injury about that time and was unable for some time to do any work or return to this State. He says, however, that during most of his stay in Texas, both before and after his alleged injury, he was working for daily wages.

It should be stated that the defendant McReynolds was one of the subtenants under the plaintiff; and it is claimed that he made misrepresentations as to plaintiff's intentions about returning and farming this land and thus procured the lease to himself. This, however, is denied and there is evidence to show that this defendant did nothing more than to give what information he had as to plaintiff's whereabouts and intentions with reference to abandoning the land or returning to farm it.

The question of the Statute of Frauds, the right of Mrs. Murray to forfeit this lease for nonpayment of rent and several other questions are discussed by counsel in their briefs in this case. We are satisfied, however, that the trial court decided this case largely, if not wholly on the question of plaintiff's abandonment of the premises and the right of Mrs. Murray under the circumstances to re-enter and lease the land to another. We have not set out all the evidence bearing on this question and it would serve no useful purpose to do so. There was evidence both ways and we are satisfied with the finding of the trial court on this question of fact, inasmuch as the trial court heard the evidence, saw the witnesses who testified and possessed those advantages which are always accorded to a trial court in hearing and weighing evidence.

The question of abandonment of leased premises by a tenant so as to afford the landlord the right of re-entry is largely a question of fact. In Churchill v. Lammars, 60 Mo. App. 244, 248, the court said: "The rule of law is said to be now settled that any acts, which are equivalent to an agreement on the part of the tenant to abandon, and on the part of the landlord to resume possession of the demised premises, amounts to a surrender by operation of law." [Talbot v. Whipple, 14 Allen 177.] A surrender may be inferred from the circumstances and conduct of the parties evincing that they both agree to consider a surrender as made.

[Huling v. Roll, 43 Mo. App. 234; Beall v. White, U. S. 382; Bedford v. Terhune, 30 N. Y. 453; Fry v. Partridge, 73 Ill. 51; McGlynn v. Brock, 111 Mass. 219.]

In Crawley v. Mullins, 48 Mo. 517, 519, the court, in speaking of the case of Schuisler v. Ames, 16 Ala. 73, said: "In the last case it does not appear that the rent could not have been collected, and the court held that the landlord was not bound to let his premises lie idle and unoccupied, as it might be more injurious to him than to enter and lose the rent."

In 24 Cyc. 1372, the law is stated thus: "An abandonment of the premises by the tenant and an acceptance of the surrender by a resumption of possession by the landlord constitute a surrender by operation of law. . . . There is an abandonment of the premises where there is such a relinquishment as justifies an immediate resumption of possession by the landlord."

At page 1392, of the same work, it is said: "After surrender of the lease the landlord may enter without notice. The question of whether a lease has been abandoned so as to confer a right of re-entry is one of fact to be determined from the acts and intentions of the parties." [See also 18 Ency. Law (2 Ed.), 313, 354.]

There is an absence of any forfeiture clause in this lease for nonpayment of rent and we agree with appellant that, in the absence of such forfeiture provision, nonpayment of rent does not generally give a right of forfeiture and re-entry. [24 Cyc. 1349, 1392; 18 Ency. Law (2 Ed.), 369; Tarlotting v. Bokern, 95 Mo. 541, 544, 8 S. W. 547.]

If this was a suit to evict the tenant for nonpayment of rent that defense would be available to him; but, as shown by Crawley v. Mullins, supra, the absence of a forfeiture provision is not material on the question of abandonment.

We have read and weighed the evidence in this case and approve the finding of the trial court that the plaintiff had so far abandoned the premises and his lease as justified the landowner in re-entering and leasing same to another party.   Having done so the plaintiff could not afterwards, when the rights of other parties had attached to the property, reconsider his action and demand possession.   The judgment of the trial court is affirmed. All concur.