CANNON v. FREYERMUTH.   (No. 10157.)

Court of Civil Appeals of Texas. Dallas. Feb. 25, 1928.

1. Landlord and tenant ⟨⟩109(1)—"Surrender" results by operation of law where parties in effect agree to tenants abandoning premises and landlord resuming possession.

Where circumstances and acts of parties are equivalent to agreement by tenant to abandon leased premises and on part of landlord to resume possession, "surrender" results by operation of law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Surrender.]

2. Appeal and error ⟨⟩1062(1)—Trial. ⟨⟩352 (4)—Submission of issue of landlord's negligent failure to rent premises abandoned by tenant, not raised by pleading or evidence, held error, but harmless, where premises were surrendered.

In action by landlord against tenant abandoning premises to recover rent for unexpired portion of lease, submission of issue as to landlord's negligence in failing to rent premises after they were abandoned by tenant, without pleading or evidence sufficient to raise issue, was error, but harmless, where premises were surrendered by operation of law to landlord and tenant relieved of further liability for rent.

3. Landlord and tenant ⟨⟩233(2)—Whether tenant abandoned premises and landlord suing for rent resumed possession held question of fact for jury.

In action by landlord against tenant abandoning premises, to recover rent for unexpired portion of lease, question whether premises were abandoned by tenant and possession resumed by landlord was one of fact for jury.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Appeal and error ⬅1002—Finding by jury, on conflicting evidence, that tenant abandoned premises and landlord resumed possession will not be disturbed by Court of Civil Appeals.**

In action by landlord against tenant abandoning premises, for rent for unexpired portion of lease, finding by jury, based on conflicting evidence, that tenant abandoned premises and that possession was resumed by landlord will not be disturbed by Court of Civil Appeals.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action by T. V. Cannon against F. C. Freyermuth. Judgment for defendant, and plaintiff appeals. Affirmed.

Davis, Synnott & Hatchell, of Dallas, for appellant.

Leake, Henry, Wozencraft & Frank, of Dallas, for appellee.

LOONEY, J. F. C. Freyermuth leased from T. V. Cannon an apartment in the city of Chicago, Ill., for the period of 1 year, dating from May 1, 1921, at a monthly rental of $150 payable in advance.

Freyermuth paid all rents promptly up to September 1, 1921, but on August 28th vacated the premises and refused to pay any rent that accrued after September 1st for reasons hereinafter stated. Cannon sued to recover $1,200 and interest, the amount of monthly rentals for the unexpired portion of the lease. Among other things, defendant pleaded that, subsequent to the execution of the lease contract, he decided to move from the state of Illinois and thereupon offered to surrender the apartment if plaintiff would release him from liability for rents to accrue thereafter; to this plaintiff agreed, whereupon, defendant vacated the premises on August 28th, surrendered same to the plaintiff, who accepted possession, and, relying on plaintiff's verbal agreement to release him from the rent contract, made no efforts to relet the premises, hence plaintiff was estopped to claim rents for the unexpired portion of the lease.

The case was tried to a jury, and on their answers to special issues in favor of defendant the court rendered judgment for him, from which this appeal is prosecuted.

Appellant challenges the sufficiency of the evidence to raise any issue as to whether or not the lease was surrendered by the defendant and accepted by plaintiff or to support the finding of the jury in favor of defendant on that issue. This contention presents the only material question for our consideration.

In answer to special issue No. 1, the jury found that, after the execution of the lease contract, the parties agreed that defendant could surrender the leased premises and terminate the lease prior to the expiration of the period named in the contract. The issue of estoppel, although raised by the evidence,

was not submitted separately, nor was there a request for its submission.

The evidence, in our opinion, amply supports the finding of the jury and the judgment of the court.

[1] The rule seems to be well settled that, where the circumstances and acts of parties are equivalent to an agreement on the part of the tenant to abandon the leased premises and on the part of the landlord to resume possession, a surrender results by operation of law.

The facts of this case bring it clearly within the doctrine announced in 35 Corpus Juris, 1084, § 265, as follows:

"A surrender, as the term is used in the law of landlord and tenant, is the yielding up of the estate to the landlord, so that the leasehold interest becomes extinct by mutual agreement between the parties. While it is essential that the lessor and lessee mutually agree to the termination of the term, such agreement may be either express or implied. The rescission of a lease, when by express words, is called an 'express surrender' or a 'surrender in fact'; and a surrender by operation of law occurs where the parties without express surrender do some act or acts from which it is implied that they have both agreed to consider the surrender as made. What does or does not constitute a surrender of the lease and an acceptance thereof must be determined from all the facts in each particular case."

Also see page 1086, § 269; Mullaney v. McReynolds, 170 Mo. App. 406, 155 S. W. 485, 487.

The court also submitted issue No 2, as follows:

"After the defendant moved from plaintiff's apartment did plaintiff use due diligence to rent the apartment covering the period from August 28, 1921, to May 1, 1922?"

—to which the jury answered "No."

[2] Appellant assigns error on the submission of this issue and the answer of the jury on the ground that the same were authorized neither by pleading nor evidence. We sustain this contention, but hold that no harm resulted to appellant.

Manifestly, without pleading to present or sufficient evidence to raise an issue as to appellant's negligence in failing to rent the premises after they were abandoned by appellee, the question should not have been submitted, but its submission and the finding of the jury are wholly immaterial and are ignored. Hill v. Hoeldtke, 104 Tex. 594, 598, 142 S. W. 871, 40 L. R. A. (N. S.) 672; Furst-Edwards Co. v. St. L. S. W. R. Co. (Tex. Civ. App.) 146 S. W. 1024, 1026; Johnson v. Breckenridge, etc. (Tex. Com. App.) 257 S. W. 223, 228.

[3, 4] The question as to whether the premises were abandoned by the defendant and possession thereof resumed by plaintiff was essentially one of fact for the determination

of the jury, and as they decided the issue, on conflicting evidence, in favor of the defendant, we do not feel at liberty to disturb their finding.

We have carefully considered all assignments and propositions, and, finding no reversible error, the judgment is affirmed.

Affirmed.