## DENDY v. COCKERHAM et ux.
### No. 4308.

Court of Civil Appeals of Texas. Amarillo.
May 13, 1935.

Carl Gilliland, of Hereford, for appellant.

Dameron & Dameron, of Hereford, for appellees.

JACKSON, Justice.

On February 2, 1932, in the district court of Deaf Smith county, O. T. Dendy obtained a judgment, which he had duly abstracted, against O. D. Cockerham for the sum of $2,009.27 and interest, none of which has been paid.

On August 2, 1930, O. D. Cockerham, by warranty deed which was filed for record on August 5th thereafter, conveyed to his wife, Hester L. Cockerham, for a recited consideration of $10 cash and love and affection, lots Nos. 20 and 21 in block No. 5 of the Evants addition to the town of Hereford, lots Nos. 8, 9, and 10 in block No. 19 of the original town of Hereford, and an equity in the south one-half of section No. 152 in block M–7, all of which is situated in and will be hereafter designated as the Deaf Smith county lands.

On the same day, O. D. Cockerham conveyed to his wife, by his separate warranty deed, the validity of which is not attacked, certain lands in Lamb county, Tex., for the recited consideration of $10 cash and love and affection.

On July 14, 1933, O. T. Dendy, the appellant, instituted this suit in the district court of Deaf Smith county against O. D. Cockerham and his wife, the appellees, to have the deed made by O. D. Cockerham, conveying the Deaf Smith county lands to his wife, Hester L. Cockerham, adjudged void as to creditors. He alleged that the deed to said Deaf Smith county lands was without consideration valid in law, constituted a voluntary conveyance, was made by the grantor therein to hinder, delay, and defraud his creditors, and especially the appellant; that O. D. Cockerham was and is greatly indebted to appellant and others, was and is insolvent; and prayed that said deed be canceled and his judgment lien foreclosed on the Deaf Smith county lands.

The appellees answered by general denial; alleged that the deed from the husband, conveying the Deaf Smith county lands to the wife, was made in good faith; that said land was and had at all times since its purchase been the separate property of Hester L. Cockerham; that the consideration therefor was paid out of her separate funds upon an express agreement between her and her husband that the land be purchased with her funds, conveyed to O. D. Cockerham, and the legal title thereto held in his name in trust for her; that she was the equitable owner thereof and the deed was made to vest the legal title in her.

In the alternative they alleged that if they are mistaken as to the title being held for her under an express trust, then they plead that she was the equitable owner under a resulting trust because the consideration for the land was paid out of her separate funds, and the deed made to vest in her the legal title thereto.

They also set up as an alternative plea that if they are mistaken in their averments as to an express trust and as to a resulting trust, then they allege that O. D. Cockerham used funds of his wife, Hester L. Cockerham, to pay for said lands; that he was indebted to her in a sum of money equal to the value of the lands conveyed, and the deeds were made in payment of such indebtedness. They also alleged that the consideration expressed in said deed is not the true consideration, but that the true consideration was and is as set out in their answer.

Under appropriate explanatory charges the court submitted special issues in response to which the jury found in effect: That O. D. Cockerham did not convey the Deaf Smith county lands to his wife, Hester L. Cockerham, with the intent to hinder, delay, or defraud his creditors. That the deed was a conveyance upon a consideration deemed valuable in law. That prior to the conveyance of the land in controversy to O. D. Cockerham, it was agreed between him and his wife that it was to be paid for out of her separate funds, deeded to him, and the title thereto held in trust for her. That prior to the conveyance of said lands to O. D. Cockerham he had been handling and investing the separate funds of his wife, and that he invested such funds in the Deaf Smith county lands, and the actual consideration for said lands was paid with the separate funds of Hester L. Cockerham.

In answer to a special issue given at the request of appellant, the jury found in substance that the two deeds by O. D. Cockerham, dated August 2, 1930, conveying to his wife the Deaf Smith county lands and

the real estate in Lamb county, did not render him insolvent.

On these findings judgment was rendered to the effect that the appellant take nothing by his suit.

The appellant assigns as error the action of the trial court in refusing, at his request, to peremptorily instruct the jury to return a verdict in his behalf.

The testimony on the material findings of the jury is sufficient to show that the appellees were married in 1917; that O. D. Cockerham had no money and no property at that time; that his wife, Hester L. Cockerham, in addition to some live stock and household furniture, the value of which is not shown, in 1917 or 1918 inherited from her mother and received from her estate the sum of $1,000 in cash; that between that time and 1928 she received from said estate property from which she realized an additional sum of $3,100, or a total principal sum of $4,100, not considering interest; that the money and property so inherited was handled and invested for her by her husband, and the title to the property acquired with her said funds was taken in his name; that these funds were traced, and the proceeds of her separate property so acquired was used by her husband to pay the entire consideration for the Deaf Smith county lands, the value of which, according to the testimony, was $5,150; that the suit in which appellant obtained the judgment on which he predicates his debt and lien was filed in January, 1932, more than seventeen months after the conveyance to her of the Deaf Smith county lands on August 2, 1930; that the judgment was secured on third vendor's lien notes, executed by O. D. Cockerham as a part of the purchase price of certain real estate which he thereafter sold and, together with his wife, conveyed to Will L. Davis, who assumed the payment of said notes; that the notes were not in default on August 2, 1930.

■■ It would have been reversible error for the court to direct a verdict "if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff." Wininger v. F. W. & D. C. R. Co., 105 Tex. 56, 143 S. W. 1150; Jackson v. Langford (Tex. Civ. App.) 60 S.W. (2d) 265; Texas Employers' Ins. Ass'n v.

Ritchie (Tex. Civ. App.) 75 S.W.(2d) 942, 943. This assignment is overruled.

■ The appellant challenges, by several assignments, the sufficiency of the testimony to support any of the findings of the jury to the effect that by agreement between appellees property was to be purchased with the separate funds of Hester L. Cockerham and title thereto placed in the name of O. D. Cockerham and held by him for her. In our opinion the evidence fails to show the existence of any agreement which would create an express trust, and these assignments are sustained.

■ The contention of appellant that the testimony is insufficient to support the findings of the jury in answer to the other special issues submitted by the court in his main charge is overruled.

The appellant presents as error the refusal of the court to set aside the verdict and declare a mistrial because the finding of the jury that the deed conveying the Deaf Smith county lands was for a consideration valid in law is irreconcilable with the finding that an express trust existed, and also with the finding that the consideration in said deed was paid out of the separate funds of Hester L. Cockerham. The appellees pleaded as a separate and independent defense the existence of an express trust. The appellant contends, and we have so held, that the testimony was not sufficient to warrant the finding that such express trust existed. Hence, whether such finding presents the conflict as asserted becomes immaterial.

"The statute in regard to the submission of special issues authorizes a submission only when 'raised by the pleadings and the evidence,' in other words, to justify its submission, the issue must be raised by both pleadings and evidence; if raised by the pleadings and not by the evidence, or vice versa, it should not be submitted. However, if erroneously submitted, the jury's answer should be ignored by the court, for (article 2211 [1994–5–7] Rev. St. 1925) the judgment must conform to the pleadings, the nature of the case proved (the evidence), and the verdict of the jury, which necessarily comprehends a verdict based on an authorized submission, under article 2189." Morton Salt Co. v. Lybrand (Tex. Civ. App.) 292 S. W. 264, 265.

See, also, Hill v. Hoeldtke, 104 Tex. 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672, Johnson v. Breckenridge-Stephens Title Co.

(Tex. Com. App.) 257 S. W. 223; Cannon v. Freyermuth (Tex. Civ. App.) 4 S.W. (2d) 84, 85; Perez v. Houston, etc., Ry. Co. (Tex. Civ. App.) 5 S. W. (2d) 782.

The finding that the consideration for the deed was valid in law and the finding that such consideration was paid out of the separate funds of Hester L. Cockerham are not, in our opinion, in conflict.

■ The propositions of appellant, urging as error the action of the court in refusing to exclude the testimony of O. D. Cockerham and L. Baskin, relative to the conversation between them at the time the deeds of August 2, 1930, were drawn, are without merit, since the court gave appellant's requested charges instructing the jury not to consider such testimony.

What we have said is, we think, sufficient to dispose of the questions presented on this appeal; and while we have not discussed each assignment separately, after a careful consideration of the record we find no reversible error, and the judgment is affirmed.