## WILLIAMS v. RUSSELL.
### No. 4718.

Court of Civil Appeals of Texas. Amarillo.
Jan. 3, 1938.

R. L. Graves, of Brownfield, for appellant.

L. C. Heath, of Brownfield, for appellee.

JACKSON, Chief Justice.

The appellee instituted this suit in justice court, precinct No. 1, of Terry county, Tex., against appellant to recover $180 damages for personal injuries sustained by two of his children and damages to his personal property alleged to have been occasioned by the negligence of appellant.

Appellee obtained a judgment in justice court and appellant prosecuted an appeal to the county court of Terry county, where, on a trial de novo, the jury found that appellee had been damaged in the sum of $140, and the court entered a judgment for appellee in said sum, which action of the court is properly presented by appellant to this court for review.

The record before us contains no instruction to the jury by the county judge, hence, we presume that a charge was waived by all parties.

The appellant's contention is that the evidence shows without dispute that appellee's wagon—the personal property injured—was parked on a public highway without any light or reflector, and he was, therefore, as a matter of law, guilty of contributory negligence, inhibiting a recovery in his behalf.

While the testimony is sharply controverted, both as to the exact time of day the collision occurred and the exact location of appellee's wagon when demolished, the testimony is that appellee had been traveling on highway No. 4, which extends east and west from Brownfield. The evidence also tends to show that some three or four miles out west of the city he had driven his wagon—a horse drawn vehicle—off the traveled part of the highway, got permission from a gentleman living nearby to camp and unhitched and removed his team from the wagon; that the members of the family were out of the wagon preparing the camp when appellant, coming from town in his car, got off the traveled part of the highway over near the bar ditch where the wagon was and ran over and demolished it, and injured two of appellee's children; that it was about dusk but visibility still extended something like a quarter of a mile; that while appellee had no light or reflector on his wagon, there was a lantern lighted and burning inside of the wagon at the time of the collision.

Article 827a, section 9, Vernon's Ann. P.C., upon which appellant relies, is as follows:

"All vehicles not heretofore by law required to be equipped with specified lighted lamps shall carry one or more lighted lamps or lanterns displaying a white light visible under normal atmospheric conditions from a distance of not less than five hundred (500) feet to the front of such vehicle and displaying a red or yellow light visible under like conditions from a distance of not less than five hundred (500) feet to the rear of such vehicle, which light shall be kept lighted while the vehicle is upon a highway from one-half hour after sunset to one-half hour before sunrise. Provided, however, that vehicles drawn by animal

power may in lieu of such lamps or lanterns be equipped with adequate reflectors."

Giving credit to the testimony favorable to plaintiff on the issue of contributory negligence and discarding all controverting testimony thereto, which under the law we are required to do, we are not authorized to hold that the evidence shows as a matter of law that appellee was guilty of contributory negligence as contended by appellant. Dendy v. Cockerham et ux., Tex. Civ.App., 82 S.W.2d 756, and authorities cited.

The judgment is affirmed.