## Issachar J. Elliott *vs.* Marvin Stone.

A lessee under an oral agreement to pay rent quarterly in advance, and upon condition that, when he fails to do so, he shall leave the premises, is liable, on his failure so to pay rent, to the landlord and tenant process given by Rev. Sts. *c.* 104, without previous notice to quit.

Action on Rev. Sts. *c.* 104, commenced before a justice of the peace on the 10th of August 1852, to recover possession of a house and land in Webster.

At the trial in the court of common pleas, before *Mellen,* J

" the plaintiff gave evidence tending to show that the defendant entered the premises under a parol lease from January 1st 1852, with an agreement to pay rent quarterly in advance, and on condition that when he failed to do so, he should leave the premises; that the rent was paid up to the 1st of July 1852; but that the defendant, though requested, did not pay the rent from July 1st to October 1st 1852 in advance. No evidence was given of any valid written notice to quit.

" The defendant contended that upon the foregoing state of the case this process could not be maintained. But the presiding judge overruled this objection, and instructed the jury that, if the contract was on condition that he should pay the rent in advance, and leave when he ceased to do so, upon his failure to pay rent accordingly upon demand made, he became a tenant at sufferance, and liable to this process without notice." The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*D. Foster*, for the defendant. This process does not lie against one whose estate is forfeited for condition broken. *Fifty Associates* v. *Howland*, 11 Met. 103. This was an estate on condition, and not a conditional limitation. Express words of condition are used, which are never construed as a limitation. 11 Met. 103. A limitation of the estate over on the occurrence of the conditional event is an essential element in a conditional limitation. 4 Kent Com. (6th ed.) 126, 249. 2 Cruise Dig. (Greenl. ed.) Tit. 13, *c.* 2, § 64, *& note.* Co. Lit. 203 *a.* *Stearns* v. *Godfrey*, 16 Maine, 160. A conditional limitation is not valid, except in devises and conveyances under the statute of uses. 4 Kent Com. (6th ed.) 128. *Buckworth* v. *Thirkell*, 3 Bos. & Pul. 654, *note.* The stipulation is essentially one of forfeiture, and will not be construed as a limitation, by whatever words expressed; not even if the words had been "so long as he pays rent," or "until he ceases to pay rent." 11 Amer. Jurist, 50. *Clark* v. *Jones*, 1 Denio, 516. [SHAW, C. J. Do any of these doctrines apply to a parol agreement, which is regulated by statute?] If they do not, a notice to quit is, as between the parties, the only mode of terminating a tenancy at will for nonpayment of rent;

Elliott *v.* Stone.

at least so as to maintain this process. Rev. Sts. *c.* 60, § 26. *G'eason* v. *Gleason,* 8 Cush. 32.

*G. F. Hoar,* for the plaintiff. If the parties intended to create an estate at will so long as the rent should be paid in advance, upon the expiration of the period for which the rent had been paid in advance, the estate expired by its own limitation, and this process might be maintained without notice to quit. *Messenger* v. *Armstrong,* 1 T. R. 53. *Dorrell* v. *Johnson,* 17 Pick. 263. *Fifty Associates* v. *Howland,* 11 Met. 101. *Danforth* v. *Sargeant,* 14 Mass. 491. An oral lease may be so limited, as to expire by its own limitation on the happening of a contingent event. Section 29 of *c.* 59 of Rev. Sts. is only a statute of frauds, preventing the tenant from acquiring, by a parol lease, any higher or greater estate than that of an estate at will; and does not give him any rights against his own. agreement. *Hollis* v. *Pool,* 3 Met. 350. Whether it is a condition or a limitation, is to be decided according to the intent of the parties, as gathered from the entire contract, although words, commonly termed words of condition, be used. Bac. Ab. Conditions, H. 4 Kent Com. (6th ed.) 132. 11 Amer. Jurist, 49, 50. 2 Doug. 755, *note.* A limitation over is not essential to a conditional limitation; it is only a common illustration of the rule. The evidence showed a limitation, and not a condition. *Hollis* v. *Pool,* 3 Met. 350. *Munson* v. *Wray,* 7 Blackf. 403. *Wellock* v. *Hammond,* Cro. Eliz. 204. Here was no forfeiture; the estate was renewable, by the lessee, at the end of the quarter; but if not renewed by payment of rent, it ended by its own limitation.

SHAW, C. J.* This is a proceeding under that branch of the Rev. Sts. *c.* 104, which regulates the rights of landlord and tenant, and gives the landlord a summary process before a magistrate, to recover possession, in certain cases. The question is, whether it will lie in this case. The provision is, that " when the lessee of any lands or tenements shall hold possession of the demised premises without right, after the determination of the lease, either by its own limitation, or by a notice to quit," the landlord may obtain possession by this process.

* THOMAS, J. did not sit in this case.

It appears by the case, that the defendant entered under a parol lease, from the 1st of January 1852, with an agreement to pay rent quarterly in advance, and on condition that when he failed to do so, he should leave the premises. The rent was paid in advance for the first quarter, and the lessee entered; it was also seasonably paid for the second quarter; but the defendant entered on the third quarter, commencing on the 1st of July, paying no rent in advance; no notice to quit was given by the plaintiff; and on the 10th of August 1852 this process was commenced.

The plaintiff was lessor, the defendant was lessee, the defendant was holding the premises, contrary to his agreement with the plaintiff; so far the case is within the statute. But the ground of defence is, that the lease had not terminated by its own limitation, but by a condition, and so, within the authority of *Fifty Associates* v. *Howland*, 11 Met. 101, the plaintiff was not entitled to have this process; and also, that the defendant, having entered under the agreement in question, became tenant at will, and that without notice to quit, either three months generally, or fourteen days, if for rent in arrears, the plaintiff could not maintain this process. *Gleason* v. *Gleason*, 8 Cush. 32. These points require examination.

The statute provides, that all estates and interests in land, created without writing, shall have the force and effect of estates at will only. Rev. Sts. *c*. 59, § 29. Still, parol leases are not void; they regulate the terms of payment of rent, and length of time for giving notice to quit, and are to some extent efficacious. If there be a parol lease for a year, by force of the statute, it can have no greater force than that of a tenancy at will, and therefore either party may terminate it, in the mode prescribed by law, within the time limited by it. But if neither party exercises that power, and it is allowed by both parties to extend through the year, it then expires by its own limitation, as if it had been a demise by specialty. It follows, that in the ordinary cases, especially in cities, of letting tenements by parol, for a fixed time, the lessor has no need to give his tenant notice to quit; if he does not quit at the expiration of the time thus

,imited by parol demise, the case is within the statute, and he may have the summary process, to regain possession. Now to apply these principles to the present case. The agreement by parol was, to let the tenement to the defendant, on condition of paying the rent quarterly in advance; that is, paying a quarter's rent, before the quarter should commence. This was certainly a condition, but it was a condition precedent. The most frequent case, and such was the case of *Fifty Associates* v. *Howland*, is that of a condition subsequent, a condition, that if the rent should not be paid, the lease should be void. The difference is essential. In the case of a condition subsequent, the lease takes effect, and the right of the lessee becomes vested for the whole term, subject to be defeated on breach of the condition. This gives the lessor a right of entry, on such breach, whether such right is stipulated for or not; but, until such entry for condition broken, the estate remains unaffected, still vested in the lessee, and it is therefore at the option of the lessor, whether he will enter and defeat the lease or not. But where it is a condition precedent, the right does not vest in the lessee, until he complies with the condition. The estate is not defeated, for none ever vested. A term may be created by an agreement, written or by parol, to take effect *in futuro;* the same thing may be done on a condition precedent, and if the condition is not performed, no term is created, no right of occupation or of entry vests in the lessee. It seems to follow, that an agreement may be made to let a tenement for a certain term, commencing at a future day, on condition that before that day the lessee shall pay a sum of money, a fine, or a certain amount of rent, and if he does not perform the condition, and pay the sum stipulated, the agreement is void, the lessee acquires no right.

It appears to us, that this is the point of view, in which to consider the agreement in question, to pay quarterly in advance. For the first quarter, the condition was complied with, the lessee entered, and the lease became absolute for the quarter. Before it expired, another quarter's rent was advanced, the condition precedent complied with, and the right to the term for that quarter became vested. But at the expiration of the first quar-

ter, the right to that term terminated by its own limitation, and so of the second. And as this agreement extended to successive quarters, until one or the other should think fit, under the statute, to put an end to it, it would be a good prospective agreement for a lease for one quarter, and upon a compliance with the condition precedent of payment in advance, would have given a new term for a quarter, to the lessee; yet as the condition of payment in advance was not complied with, such right to the extended term never took effect. By the nonpayment of a quarter's rent in advance on or before the 1st of July, the right to a new quarter did not take effect; the only time, to which the lessee had ever acquired a right, terminated by its own limitation with the last day of June, and from that time the lessee was holding possession without right, and the plaintiff became entitled to the remedy, provided for in the statute, by summary process before a magistrate.

The case shows, that by the parol agreement the lessee was to pay in advance; it further adds, on condition that if he failed to do so, he should leave the premises. This was very proper, as an expression of the understanding of the parties of what would be the result; but this condition is not the ground on which the legal right of the plaintiff to this process depends; that legal right, resulting from the terms of the statute as applicable to the parol agreement, would have been complete and available to sustain this process, without that condition.

*Exceptions overruled.*