95 541
46a 231

95 541
70a 490

95 541
157 341

95 541
87a 414

TARLOTTING, *Plaintiff in Error*, V. BOKERN.

1. **Tenancy at Will or by Sufferance :** TERMINATION : NOTICE. A month's notice in writing by the person entitled to the possession requiring the tenant to remove is necessary to terminate a tenancy at will or by sufferance. (R. S., sec. 3078 ).

2. **Landlord and Tenant :** EJECTMENT. Ejectment will not lie in favor of the landlord against a tenant until there has been a termination of the tenancy.

3. ———— : REMEDY FOR FAILURE TO PAY RENT. Where rent is due and unpaid the landlord's remedy is a statutory suit for dispossession ( R. S., sec. 3097 *et seq.*) and not ejectment.

*Error to St. Louis City Circuit Court.*—HON. G. W. LUBKE, Judge.

AFFIRMED.

*M. F. Taylor* for plaintiff in error.

No demand was necessary in this case. It was a suit in the circuit court where the pleadings were all required to be in writing. It was not set up by way of defence in the answer to plaintiff's petition that no demand had been made. It was necessary that this should be done before the defendant could avail herself of the objection that no demand had been made. R. S., sec. 1018. But if it be held that a demand was necessary in this case, and that this is not one of the cases covered by the section of the statute quoted above, then we insist that every demand required, either by the law of the case as it exists or was laid down by the court, was made.

*S. N. Holliday* for defendant in error.

(1) On plaintiff's theory that defendant was his tenant he could not recover against her, in ejectment,

until he had terminated the tenancy by giving one month's notice, in writing, of his intention to terminate the same. R. S., secs. 2420, 3078. (2) Plaintiff had abandoned the lease and could not recover against defendant as his tenant. He could claim no right or title under the lease. *Smith v. Mapleback*, 1 T. R. 441; *Gunn v. St. Clair*, 52 Mo. 327; *Higgins v. Turner*, 61 Mo. 249; *Silvey v. Sumner*, 61 Mo. 253; Taylor's Land. and Ten. [2 Ed.] sec. 522; *Fusselman v. Worthington*, 14 Ill. 135; *Fortier v. Balance*, 10 Ill. 41, 45; *Newman v. Rutter*, 8 Watts, 55. (3) The jury having found as a fact that the plaintiff had abandoned the lease, under instructions from the court far more favorable than the law warranted, and there being evidence to warrant that finding, the court will not weigh the evidence nor disturb the verdict.

BRACE, J.—Action of ejectment; answer, a general denial. The defendant was owner of a life estate in the premises with remainder to her two daughters. She owed the plaintiff three hundred dollars, for which she had given him her note. Plaintiff's title was a lease, read in evidence, from defendant to plaintiff, dated August 10, 1878, to begin at that time, and end when the rent received should pay the three hundred dollar note due from defendant to plaintiff. No rate of rent was agreed upon, but plaintiff was to sublet the premises for the best price he could get, and was to obtain no more than thirty-five dollars per month, and the excess, if any, was to be paid to defendant. Plaintiff testified that, shortly after the lease was executed, the premises became vacant, and he told defendant to move in and he would be lenient. It further appeared that she was to pay the plaintiff thirty-five dollars per month on his debt. Plaintiff further testified that he had demanded the rent of the defendant, but had never demanded the possession of the premises, but had sued

her on the note in December, 1880 ; got judgment, and
had the sheriff levy on the premises described in the
lease ; that the defendant claimed a homestead exemp-
tion, and a part of the premises was set apart to her
as such, and the remainder, 60x50 feet, on the rear of
the lot, was sold by the sheriff under said execution, to
the plaintiff; that, subsequently, an *alias* execution
was issued and levied on the unsold part of the home-
stead, and the same was purchased by Judge Laughlin,
plaintiff's attorney, who afterwards brought an eject-
ment suit against the defendant, and he, the plaintiff,
was present at the trial to assist against the defendant.
The plaintiff authorized his attorneys to do what they
could to collect the claim.

Defendant testified that she signed the lease; did
not know what it was ; plaintiff told her it was only a
renewal of the three hundred dollar note for six months ;
after the house had been vacant some time, plaintiff
told her to move in, and he would not go by the lease, and
told her she could pay him as she was able; had lived
in the house ever since; plaintiff never demanded pos-
session, but wanted his note paid. On cross-examina-
tion she said she understood she was to pay plaintiff
thirty-five dollars per month. She could not pay that,
and he said he would take what she could pay.

Records were introduced showing judgment on the
note, sale of the premises in excess of homestead under
execution to plaintiff for two hundred and twenty-five
dollars, and sale, under *pluries* execution, of homestead
to Laughlin for fifty dollars, and judgment in favor of
defendant in an action of ejectment brought by him.
The jury, under the instructions of the court, found for
the defendant.

The only theory upon which plaintiff could have
recovered was that the lease from the defendant to the
plaintiff was a subsisting contract which had not been
abandoned. Conceding this to be so, the defendant

went into the possession of the premises as his tenant, and under the testimony her term was to end at no certain time, and she was at least a tenant by sufferance or at will, whose tenancy could not be terminated against her consent, except by one month's notice in writing requiring her to remove from the property, which was situated in the city of St. Louis. R. S., 1879, sec. 3078. Until the expiration of her term, she had a right to remain in possession of the premises.

In ejectment plaintiff cannot recover without showing that at the time his suit was commenced he was entitled to the possession of the premises sued for. The fact that rent is due, has been demanded, and is unpaid, does not extinguish the relation of landlord and tenant, determine the tenant's term, or give the landlord a right of entry; the only right these facts confer upon the landlord is to institute a summary proceeding before a justice of the peace against the tenant, requiring him to show cause why possession of the property should not be restored to the plaintiff. R. S., secs. 3097, 3098. If the tenant appears and shows that the rent has been paid, or on the hearing of the cause tenders the amount of the rent due and costs, that ends the proceeding, and the term of the tenant *continues*. If he does neither, then the justice may render judgment in favor of the landlord for the recovery of the premises, and that judgment *terminates* the tenancy. R. S., secs. 3098, 3100.

The plaintiff having failed to show that the defendant's tenancy had been determined in any manner, failed to show that he was entitled to the possession of the premises, at the time his suit was commenced, and could not recover. So that whatever error may have been committed on the trial, he is not prejudiced thereby.

The judgment is for the right party and is affirmed. All concur.