## JOHN F. EDWARDS, Respondent, v. GEORGE W. COLLINS, Appellant.

Springfield Court of Appeals, December 20, 1917.

1. **TRIAL: Jury Question: Conflicting Evidence.** Where the evidence as to a question of fact is conflicting, the question is for the jury.

2. **LANDLORD AND TENANT: Covenants: Forfeiture.** Under the general law a breach by the lessee of covenants or stipulations in

a lease providing for payment of rent, or for use of the demised premises in a particular manner, does not, where the lease contains no forfeiture clause for a violation of the agreement, warrant the lessor in retaking possession on account of the lessee's breach, but merely gives the lessor a right of action for damages, such being the distinction between covenants and conditions.

3. ———: Conditions: Breach: Landlord's Right to Recover. Revised Statutes 1909, section 7880, provides that no tenant for a term not exceeding two years, or at will, or by sufferance, shall assign or transfer his term or interest, or any part thereof, to another, without the written consent of the landlord, neither shall he violate any of the conditions of his written lease, nor commit waste upon the demised premises. The last clause was added to the section by amendment. Laws 1885, p. 187, section 7881 declares that if any tenant shall violate the provisions of the preceding section, the landlord, after giving ten days' notice to quit possession, shall have the right to re-enter the premises and take possession, or to oust the tenant, sub-tenant or under-tenant by proper procedure. A farm lease for five years required the land to be cultivated in the best manner possible. The lessee assigned the lease, and the lessor sought to recover possession on the ground that the assignee did not comply with the covenant relating to cultivation.
*Held*, that while these statutes change the general law in certain respects there could be no recovery by the lessor as the covenant contained no provision for forfeiture of the lease for a breach, as the statute did not apply to the lease, it not being a tenancy at will, or, by sufferance, and the term being for more than two years.

4. ———: Breach of Covenant: Remedy of Landlord. While Revised Statutes, section 7904, provides special and exclusive procedure for enforcing the collection of delinquent rent, a lessor seeking to recover possession of demised premises on account of the lessee's breach of covenant as to cultivation may, under section 7881, authorizing the lessor to oust his tenant by proper procedure, maintain ejectment.

5. ———: Leases: Assignment: Consent of Landlord. Under Revised Statutes 1909, section 7880, declaring that no tenant for a term not exceeding two years, or at will, or by sufferance, shall assign or transfer his term or interest or any part thereof, without the written consent of the landlord, a tenant whose term was for five years may assign the same without the landlord's consent.

6. APPEAL AND ERROR: Review: Harmless Error: Instruction. Where the landlord admitted that he wrote the assignment himself, instructions predicating the assignee's right to possession on a finding that the landlord had knowledge of the assignment was harmless, though erroneous, since under the statute the assignment was good without the knowledge or consent of the landlord.

Appeal   from   Ozark   Circuit   Court.—*Hon.   John T. Moore*, Judge.

REVERSED AND REMANDED (*with directions*).

*W. D. Roberts, Green & Green* and *Sebree & Orr* for appellant.

*Boone & Luna, Watson & Page* and *H. E. Howell* for respondent.

STURGIS, P. J.—This is a suit in ejectment by the the landowner to obtain possession of a farm in Ozark County.    The defendant had possession of this land as tenant and assignee of a lease on same, the lease being for five years with some two years yet to run.    The defendant justified his possession under this lease and in his answer states that under the assignment of the same this defendant was given possession of said land upon the full knowledge and acquiescence of the plaintiff and that defendant has complied with and performed all the conditions of said lease under and by all of which defendant claims possession and is in possession of said land.

The lease in question contains among others a provision that the tenant "agrees to cultivate said land in the best manner possible and to turn over and deliver to" the landlord one-third of certain specified crops to be raised on the land.

The evidence taken in the case all related to the question of defendant's compliance with the condition of the lease requiring the land to be "cultivated in the best manner possible," the evidence of the witnesses being directed, however, to defendant's manner of cultivating the land, the amount produced thereon in comparison with similar lands in that neighborhood and this same land in similar crop years, and whether this land was "properly cultivated as a farmer should cultivate a piece of land."    The evidence adduced by the parties on this point was conflicting,

making it a question for the jury.    The instructions given by the court are to the general effect that if the jury found that defendant did not cultivate the land in question in the best manner possible as a farmer should, to find for plaintiff, but if the defendant had complied with the conditions of his lease, to find for defendant.    The jury found for plaintiff, judgment was entered accordingly and the defendant appealed. .

The lease in question, containing the requirement of good cultivation of the leased land, contains no forfeiture clause for a violation of same and the defendant takes the position that this clause is a mere covenant, the violation of which may make the tenant liable to respond in damages, but does not subject him to forfeiture of his estate and possession.    Such is the distinction between a covenant and a condition. [8 R. C. L., page 1100, sec. 158.]    The general rule is that clauses in a lease providing for payment of rent in a specified time or manner, for the use of the demised premises for a particular purpose only, for land to be cultivated in a designated manner and the like, are, in the absence of a forfeiture clause, mere covenants and the violation thereof affords no ground for forfeiture.    This principle of law is well expressed in 16 R. C. L., p. 1115, sec. 633, thus: "It is the general rule that the breach by the lessee of the covenants or stipulations on his part contained in the lease does not work a forfeiture of the term in the absence of an express proviso to that effect in the lease, the lessor's remedy being by way of a claim for damages; and this includes in case of a lease of farming lands a breach of the covenant to work or cultivate the land in a husbandlike manner." [See, also, 24 Cyc. 1349 and 1392;    Mullaney v. McReynolds, 170 Mo. App. 406, 415, 155 S. W. 485; Tarlotting v. Bokern, 95 Mo. 541, 8 S. W. 547.]

Since there is no clause in the present lease declaring or permitting a forfeiture of the lessee's rights and possession for failure to comply with the provision of the lease as to good cultivation of the land, we would

hold that plaintiff is not entitled to recover on the proof
made, were it not that this general rule of law has been
changed by statute in this State. Section 7880, Revised
Stautes 1909, reads: "No tenant for a term not exceed-
ing two years, or at will, or by sufferance, shall assign
or transfer his term or interest, or any part thereof, to
another without the written consent of the landlord;
*neither shall he violate any of the conditions of his
written lease, nor commit waste upon the leased
premises.*" Section 7881 provides: "If any tenant shall
violate the provisions of the preceding section, the
landlord, or person holding under him, after giving ten
days' notice to quit possession shall have a right to
re-enter the premises and take possession thereof, or
to oust the tenant, sub-tenant or undertenant by the
proper procedure." The clause of section 7880, supra,
printed in italics was added to that section by amend-
ment (Laws 1885, p. 197) and the evident purpose there-
of was to change the rule of law above announced and
to make the violation of the terms of a written lease
a cause of forfeiture to be enforced by an appropriate
action. Section 7881, supra, provides that ten days'
notice to quit possession is necessary before beginning
proceedings to oust the tenant and the court in this case,
by instruction number three, properly required proof
of such ten days' notice. The only case which we find
in any way construing the amendment to the statutes just
mentioned is that of Murphy v. Building Co., 90 Mo.
App. 621, 624, in which case the court, in speaking of
evicting a tenant for violating the terms of his lease,
said: "No doubt a forfeiture of a lease may be worked
by a tenant violating its terms, and he may be rightly
evicted therefor. But it does not follow that the land-
lord may constitute himself the judge and jury, decide
that the contract has been broken, declare a forfeiture
and summarily eject the tenant without notice or a
hearing. Due process of law must be followed in this,
as in greater matters, and the law on the subject is
plain." The court then quotes section 7880 and 7881
and adds: "Respondent says he never saw the printed

rule in question, but would have seen it had it been conspicuously posted. Whether he did or not, it could certainly have had no more force if posted than if formally expressed in a lease between him and appellant, and in such case notice to vacate must have been given to respondent.''

The cases of Long v. Rucker, 166 Mo. App. 572, 583, 149 S. W. 1051 and Tarlotting v. Bokern, 95 Mo. 541, 8 S. W. 547, decided since the amendment of the statute above mentioned, both hold that the mere nonpayment of rent when due will not support an *action in ejectment* in the absence of a forfeiture clause in the lease. Such holding, however, is not in conflict with our holding here since section 7881, supra, provides that in case the tenant violates the terms of his written lease the landlord may oust him ''by the proper procedure'' and our statutes, section 7904 et seq., have provided a special procedure for enforcing the collection of delinquent rent. And so it is said in the Tarlotting case, supra: ''In ejectment plaintiff cannot recover without showing that at the time his suit was commenced he was entitled to the possession of the premises sued for. The fact that rent is due, has been demanded and is unpaid, does not extinguish the relation of landlord and tenant, determine the tenant's term, or give the landlord a right of entry; the only right these facts confer upon the landlord is to institute a summary proceeding before a justice of the peace against the tenant, requiring him to show cause why possession of the property should not be restored to plaintiff. [R. S. 1909, secs. 3097, 3098.] If the tenant appears and shows that the rent has been paid, or on the hearing of the cause tenders the amount of the rent due and costs, that ends the proceeding, and the term of the tenant *continues*. If he does neither, then the justice may render judgment in favor of the landlord for the recovery of the premises, and that judgment *terminates* the tenancy. [R. S. 1909, secs. 3098, 3100.]'' It is evident, however, that the remedy thus provided for the collection of delinquent rent is not available, much less exclusive, for ousting a tenant for

violation of the conditions of a written lease such as we are now considering. There is no rent due and unpaid as a foundation for that method of procedure. Ejectment seems to be a proper remedy. [Avery v. Railroad, 113 Mo. 561, 21 S. W. 90.]

Criticism is made of instructions five and six given by the court for predicating defendant's right to hold possession on a finding that plaintiff had knowledge of the assignment of the lease to defendant and acquiesced therein. It is true that this lease being for a term of five years could be assigned without plaintiff's consent. [Sec. 7880, R. S. 1909.] But there was really no dispute on this point. Plaintiff admitted that he wrote the assignment himself. We do not believe, therefore, that the jury was in any way misled or that the case should be reversed and a new trial required merely because the court submitted to the jury an immaterial question and one which could be found only one way. The defendant, moreover, tendered this issue in his answer as being material and made proof of it and should not criticise the court too severely for doing the like by the instructions. There was only one disputed issue before the jury and that a simple one, whether defendant, as tenant, had complied with the lease as to good cultivation of the land. The jury found that he had not and such being the fact he had violated the terms of the written lease under which he occupied the land.

My associates concur in the foregoing opinion but are of the opinion that the last clause of section 7880, Revised Statutes 1909, printed in italics, supra, does not apply to this case as it applies only to leases for a term of two years or less. The first clause of such statute is clearly so limited and such is the natural reading of the second clause. Such reading leads, however, in the writer's opinion to rather absurd results in that such section and the following one provide a remedy of ouster against the short-term tenant for the commission of waste or the violation of the terms of the written lease, but leaves the landlord without such remedy against the

long-term tenant, the very case in which he needs such remedy, as, for instance, in case a tenant is insolvent and a judgment for damages is no remedy at all. The writer was inclined to hold that the pronoun "he" in such second clause should be read to mean any tenant rather than the short-term tenant mentioned in the first clause, but my associates hold that we should adhere to the plain reading of the statute and that such statute is not applicable to the present lease. They think that the statute should have covered all cases but that it does not and such correction is for the Legislature and not for the courts. The case will therefore be reversed and remanded with directions to enter judgment for the defendant. *Farrington* and *Bradley, JJ.,* concur.