JENNIE HURST HENRY, Appellant, v. EXCEL-
SIOR SPRINGS MINERAL WATER & BOT-
TLING COMPANY et al.

Division Two, March 28, 1919.

1. **LEASE: Removal: Termination: Conditions and Covenant: Rule
   of Construction.** Whether or not a failure to comply with a re-
   quirement in a written lease that the lessee should remove within
   a designated time upon named conditions will terminate the lease,
   is to be determined from the intention of the parties as disclosed
   by the instrument, giving it such a construction as will best
   effectuate that intention.

2. ———: ———: ———: **General Rule.** It is a general rule that a
   breach by a lessee of the covenants of a perpetual lease will not
   work a forfeiture in the absence of an express proviso to that
   effect.

3. ———: ———: ———: **Covenant or Condition.** Clauses in a lease
   will be construed as covenants rather than as conditions, if that
   can be reasonably done without contravening the evident inten-
   tion of the parties.

4. ———: ———: ———: **Sale of Mineral Water.** Where the moving
   purpose of the lessor, by a perpetual lease of a named lot, free
   from rent, was to secure a permanent tenant who would confine his
   activities to the sale of a certain kind of mineral water; the
   lessor might require the lessee, upon written notice, to remove
   to another lot to be designated by the lessor, the lease fixing as a
   penalty a forfeiture of the improvements to the lessor for failure
   to remove within four months after notice, but containing no ex-
   press provision for a termination of the lease for such failure; the
   purpose of the lessee was to secure a permanent location for his
   bottling business and the sale of mineral water, and to accomplish
   this he agreed to sell only the water named, at no time to suspend
   such sale for a year, to pay special taxes against the lot, and to
   remove upon notice from the first location to another designated
   by the lessor, it was not the intention of the parties that the les-
   see's failure to remove within the designated time would work a
   forfeiture of the lease.

5. ———: ———: ———: **Sale of Lot.** The fact that, after the lessee
   failed, according to the terms of the lease, to remove to another
   lot designated by the lessor, and the lessor sold the lot to a third
   party who conveyed it to the lessee, did not terminate the lease
   or affect the question of its forfeiture.

6. ———: ———: ———: ———: **Improvements.** The improvements, although removed by the purchaser of a lot to a lot designated by the lessor after the time within which removal was to be made had expired, by the express terms of the lease became the property of the lessor.

7. ———: ———: **Quieting Title: Remaining in Possession.** Where under the terms of a lease it became the duty of the lessee after notice to remove to another designated lot with reasonable expedition, the time he remained in possession after such notice may be pertinent for consideration in another proceeding, but is not material in the suit to quiet title.

Appeal from Clay Circuit Court.—*Hon. Frank P. Divelbiss*, Judge.

AFFIRMED.

*Martin E. Lawson, Ringolsky & Friedman* and *Craven & Moore* for appellant.

(1) Whatever right Ettenson and his grantees acquired in the new location on plaintiff's lots, was acquired by compliance with the terms of the notice served under the provisions of the lease, by which the lessor reserved the right to require him to remove to the new location within four months after notice served. He did not move within four months thereafter, and he lost the right to do so. (2) When Ettenson bought the original location after the time to remove therefrom had expired, he caused his leasehold title, if any remained, to merge into the fee title purchased. Chrisman v. Linderman, 202 Mo. 609; 20 Am. & Eng. Ency. Law (2 Ed.), 588, 593; 18 Am. & Eng. Ency. Law (2 Ed.), 353; Fowler v. Smith, 5 L. R. A. 721, note; Anderson's Law Dictionary, Title "Merger." (3) Ettenson, at no time, had a lease both on his original location and on the property to which he had been directed to remove; and as he was still in possession of, and hence claiming a lease upon his original location at the time he purchased the same, he cannot occupy inconsistent positions and afterward claim that at the date of his purchase his

lease covered the new location on plaintiff's lots, to which he had been directed to remove. Hence, he cannot claim that his lease did not merge in the fee. (4) Leasehold rights to plaintiff's lots could only attach to Ettenson, and through him to defendants, by actually taking possession thereof, within, four months after notice served. The right to plaintiff's lots could not begin until he actually took possession, while a right to do so existed. It was a condition precedent to any right. 6 Am. & Eng. Ency. Law (2 Ed.), 500; 4 Encyc. Pl. & Pr. 627. (5) Where a leasor has a right to compel the lessee by notice to remove from the leased premises to other premises, this clearly constitutes a condition subsequent and the lessee's title to the original leased premises is not destroyed until the leasor not only gives the required notice, but enters or the lessee moves. In other words, Ettenson's title to the ground originally covered by his lease was not ended and did not attach to the ground to which he was required to move until he either removed or the lessor entered upon the original ground. Ettenson having purchased the original ground, and the lessee having virtually withdrawn the notice to remove, and the four months having elapsed, Ettenson could not then create a title to the ground to which he had been required to remove by removing without the lessor's knowledge or consent. Adams v. Lindell, 5 Mo. App. 197, 72 Mo. 198; O'Brien v. Wagner, 94 Mo. 93; Mo. Historical Society v. Academy of Science, 94 Mo. 459; Ellis v. Kyger, 90 Mo. 600.

*Culver & Phillips* for respondents.

(1) The instrument dated August 21, 1906, was a lease of Lot A for a perpetual term with this limitation: it was determinable at the expiration of four months from the service of notice by the lessor that Lot B. (or Lot C.), had been substituted as the demised premises. The notice *ipso facto* terminated the leasehold as to Lot A and created it in Lot B at the expiration of the four months' period; and thereupon the substituted

premises were held by the lessee "subject to all the terms and conditions of this lease precisely as if it had been originally leased hereby." No act of the lessee was necessary to effect the change. There is no provision requiring the lessee to take prosession of the substituted premises within the four months' period. There is a covenant that the lessee shall vacate and remove the pagoda from Lot A within that time; but for his failure to keep that covenant there is no provision that the lease shall be forfeited. On the contrary, it is expressly stipulated that for such default the pagoda shall be forfeited. Since there is no provision that the lease may be forfeited for the failure of the lessee to vacate and remove the pagoda from Lot A none could be declared on that account. Van Natta v. Brewer, 32 N. J. Eq. 268; Johnson v. Gurley, 52 Tex. 222; Texas Coal Co. v. Lawson, 32 S. W. 848; In re Pennewell, 119 Fed. (C. C. A.) 141; 18 Am. & Eng. Ency. Law, 369; 24 Cyc. 1349 et seq.; 24 Cyc. 920-921; Bergland v. Frawley, 72 Wis. 559; Phillips v. Tucker, 3 Ind. 132. (2) Not only is a party precluded from declaring a forfeiture of a contract for a breach even of a condition subsequent, in the absence of a forfeiture clause, but in such circumstances he cannot even obtain a forfeiture or cancellation by the aid of a court of equity, and is left to his action for damages. Anderson v. Gaines, 156 Mo. 664; Studdard v. Wells, 120 Mo. 29; Chicago Ry. Co. v. Titterington, 84 Tex. 218; 19 S. W. 472; Gardner v. Knight, 124 Ala. 273; 6 Cyc. 288. (3) The provision in the lease that the lessor might substitute Lot B for Lot A by giving four months' notice was a limitation upon the term for which Lot A was demised. Upon the expiration of the four months the term as to that lot expired *ipso facto* without any re-entry or other act on the part of the lessor; and the lessor could immediately maintain an action of unlawful detainer to recover possession. Miller v. Levi, 44 N. Y. 489; Estelle v. Linsheer, 30 N. Y. Sup. 243; 24 Cyc. 1360.

WALKER, J.—This is a suit brought in the Circuit Court of Clay County to quiet the title to certain lots in Excelsior Springs, under Section 2535, Revised Statutes 1909. Upon a trial by the court, there was a finding that plaintiff was the owner in fee of the lots, subject to the right of the defendant, the Excelsior Springs Mineral Water & Bottling Company, as lessee, to have and to hold a certain portion of one of said lots subject to the terms of the lease. From this judgment, plaintiff appeals.

In August, 1906, I. J. Ringolsky, the then owner of the lots in question, leased one of same to Henry Ettenson, to be used as a place for the sale of mineral water, which sale was not to be suspended for one whole year at any time. The lease was to be perpetual and free from rent; it was determinable upon the lessor giving written notice to the lessee to that end, at any time within three and one-half years from the date of the lease, requiring the lessee within four months after the delivery of the notice, to vacate the leased ground; and the lessor was to thereupon designate for occupancy by the lessee either one of a number of other lots described in the lease. In the event of a failure to remove within the time limited, the improvements were to be forfeited to the lessor.

The lot designated in the notice of removal was to be held by the lessee on the same terms as that originally leased, except as to vacation.

Ettenson subsequently transferred his interest in the lease to the defendant, the Excelsior Springs Mineral Water & Bottling Company.

On May 30, 1908, the lessor gave the lessee a written notice to remove to one of the lots described. The lessee failed or refused to remove his improvements from the lot he was occupying, to that designated in the notice, within the four months provided by the lease.

On the 19th day of October, 1908, the Elms Realty Company, grantee of the lessor Ringolsky, served a notice on the lessee, reciting that on May 30, 1908, he had

been notified to remove from the lot occupied to the one designated in the notice, and had failed so to do, and that all the rights under the lease were forfeited, and that it was the owner of the improvements on the lot from which the lessee had been required to remove.

On the 31st day of October, 1908, the Elms Realty Company, sold and conveyed in fee to said Ettenson the ground from which he had been required to remove. Sometime after the purchase of the fee in that lot, his grantee, the Excelsior Springs Mineral Water & Bottling Company, removed the improvements therefrom to the lot which had been designated for occupancy by the lessee in the original lessor's notice. Subsequent notices were given to Ettenson and his grantee by Ringolsky; one, that the lease was forfeited, and another, that the improvements on the lot were also forfeited.

The appellant contends that the requirement as to the removal constitutes a condition subsequent, and that a failure to comply with same within the time limited terminated the lease.

Much difficulty has been encountered in the attempt to frame arbitrary rules for the classification of conditions and convenants. It is now generally conceded that the safest and most satisfactory course is to ascertain as near as can be done, the intention of the parties from the instrument they have executed, and then give it such a construction as will best effectuate that intention. [Kew v. Trainor, 150 Ill. 150; Hill v. Bishop, 2 Ala. 1. c. 322; Howland v. Leach, 28 Mass. 154; Palmer v. Merid. Brit. Co., 188 Ill. 508; 24 Cyc. 920.]

In so doing, we are to be guided by the general rule that a breach by a lessee in the covenants of a lease will not be held to work a forfeiture of the term in the absence of an express proviso to that effect (Johnson v. Gurly, 52 Tex. 1. c. 226; In re Pennewell, 119 Fed. 1. c. 141; Hoyt v. Kimball, 49 N. H. 322; 16 R.

C. L. p. 115, Section 633 and notes; 24 Cyc. 1349); and that courts will construe clauses in deeds as covenants rather than conditions, if the same can be reasonably done without running counter to the evident intention of the parties (Lynde v. Hough, 27 Barb. [N. Y.] 415; Blumer v. Insurance Co., 45 Wis. 622; Livingston v. Stickles, 7 Hill [N. Y.] 254; Thornton v. Trammell, 39 Ga. 202).

The moving purpose of the lessor was to secure a permanent tenant who would confine his activities to the sale alone of a certain kind of mineral water. That this arrangement was deemed advantageous to the lessor in evident from the perpetuity of the tenure, and the immunity of the lot from rent. As further indicative of this purpose is the provision, not that the lessor may terminate the lease, but require the lessee to accept another location where the business may be conducted as before; and that the latter may not be further molested in his new location, it is provided that no further removal shall be required.

The purpose of the lessee was to secure a permanent location for the transaction of the business. To accomplish this purpose he agreed to sell only the mineral water named, and at no time to suspend such sale for a whole year; to pay special taxes and assessments for betterments on the lot occupied; and to remove from the first location within the time required by the lease, to such lot as might be designated by the lessor. The penalty for the lessee's failure in this regard was to be the forfeiture of his improvements. The recapitulation of the terms of the lease construed according to their plain provisions, does not sustain the conclusion that it was the intention of the parties, that a failure to remove upon notice within the time stated was to work a forfeiture of the term. If we conclude otherwise, we must not only ignore the general rule stated, because there is no express provision authorizing a forfeiture for the reason contended by appellant. Not only this, but it is clearly indicated that this ground

of forfeiture was not in the minds of the parties. Otherwise they would not have limited the forfeiture to the improvements of the lessee or to his non-use of the property for one whole year. If, therefore, any application is to be given to the doctrine that the expression of one thing excludes others, this of itself affords sufficient reason for the overruling of the appellant's contention.

In addition, there is the sanctity of the contract solemnly entered into to be considered. This requires the parties to do what they have expressly agreed to do, no more. If they have made, either by express terms or necessary intendments, no provision for a dispensation of the rule, the law gives none. [Moyer v. Mitchell, 53 Md. 1. c. 177; Dermott v. Jones, 2 Wall. 8.] In the application of this rule the remarks of Lord DENMAN, in Aspidin v. Austin, 5 Ad. & El. N. S. (48 Eng. C. L. 682), are apposite. He said: "Where parties have entered into written engagements with express stipulations, it is manifestly not desirable to extend them by any implications; the presumption is that, having expressed some, they have expressed all the conditions. . . . It is one thing for the court to effectuate the intention of the parties to the extent to which they may have, even imperfectly, expressed themselves, and another to add to the instrument all such covenants as, upon a full consideration the court may deem fitting for completing the intention of the parties, but which they, either purposely or unintentionally, have omitted. The former is but the application of a rule of construction to that which is written, the latter adds to the obligations by which the parties have bound themselves, and is, of course, quite unauthorized, as well as liable to great practical injustice in the application."

The fact in evidence that Ettenson subsequently became the absolute owner of the lot from which he was directed to remove has no relevancy in the determination of the matter at issue. His, or his grantee's right to the use of the lot designated attached upon the

service of the notice of removal, and so far as the
terms of the lease are concerned, he was entitled to
enter upon and occupy the same for the purpose de-
scribed, at any time within one year thereafter. Nor
have we concerned ourselves with the matter of the
improvements placed upon the lot by Ettenson, from
which he was required to remove; these, under the
express terms of the lease, became the property of the
lessor upon the failure of the lessee or his grantee to
remove within four months.

Nor is it material as to the time Ettenson continued
in possession of the lot after he was notified to remove
from same. Under the terms of the lease it became
his duty, upon the service of the notice, to remove
therefrom with reasonable expedition. The fact that he
may not have done so is a matter which may have been
entitled to consideration in another proceeding than the
one at bar.

The conclusion reached by the trial court is mani-
festly correct. There is no error justifying a reversal,
and the judgment is affirmed. All concur.