L. A. WARING, (Plaintiff) Appellant,

v.

Stephen C. ROGERS, Administrator of the Estate of William Nester, deceased, and Lyda Nester, widow and heir of said William Nester, deceased, (Defendants) Respondents.

No. 29265.

St. Louis Court of Appeals.

Missouri.

Jan. 17, 1956.

Motion for Rehearing or for Transfer to Supreme Court Denied Feb. 17, 1956.

Edwin A. Smith, St. Louis, for appellant.

Charles M. Shaw, Wayne C. Smith, Jr., Michael J. Doherty and Louis M. Kohn, St. Louis, for respondents.

HOUSER, Commissioner.

This is an action in unlawful detainer brought under Chapter 534 RSMo 1949, V.A.M.S. § 534.030 et seq. The principal question is the right of a landlord to the possession of real estate, based upon a claim of forfeiture by the tenant for breach of the provisions of a lease. The court below directed a verdict for the tenant. The landlord has appealed from the ensuing judgment.

L. A. Waring, as landlord, and William and Lyda Nester (hereinafter referred to as "the tenant") executed a written agreement for the rental of certain premises in St. Louis County known as Suburban Gardens for a term of three years, and for the use on the premises of certain personal property consisting of a large quantity of kitchen, dining room and restaurant utensils and equipment.

The lease contained the following clause, which we will call "Provision X":

"This agreement shall only be binding upon the (landlord), provided the (tenant) pays to the (landlord) the sum of $210 per month in advance beginning on the date of the signing of this agreement for the month of April, 1950, and monthly thereafter in advance at the same rate, namely, $210 during the balance of the aforementioned tenancy of three years."

A paragraph which we will label "Provision Y", was in part as follows:

"The (tenant) specifically agrees that he will at all times keep said let or rented premises in a clean and presentable condition; will not create or permit any nuisance of any kind whatsoever on said premises at any time; will not sell, cause, or permit any one, to sell intoxicating liquors of any kind on said premises, or permit any viola-

tion of any law therein or thereon, whether federal, state, county, municipal, or otherwise. Should anything of any such nature occur it shall be immediate grounds on the part of the (landlord) to cancel this rental agreement, and the (tenant) in that event hereby agrees to immediately remove from said premises. * * *"

Other provisions of the lease included those relating to renewal; use, breakage, damage to or loss of the personal property; reserving to the landlord rights of ingress and egress and the use of certain portions of the premises; application and payment for licenses and permits required by law; assignment and subletting; maintenance and repairs of the premises; increase of rent if a "hard liquor law" should be passed; the making of changes on the premises; keeping the grass cut, picnic-ground equipment and plumbing and sewage facilities in good condition and hauling away refuse, debris, ashes and garbage; and payment for utility services and for carrying liability insurance on the premises. The agreement expressly bound the heirs, executors, administrators and assigns of the parties.

The tenant entered into possession under the lease and paid rent through, but not after, October 31, 1951. By letter dated February 23, 1952, the landlord notified and required the tenant to surrender and deliver up the quiet and peaceable possession of the premises and to remove therefrom at the expiration of one month from his next rent due date, declaring his intention to terminate the tenancy on April 1, 1952, relating the fact that the tenant was four months delinquent in rent at $210 a month, and demanding possession "because of many other breaches" of the tenancy. The complaint in unlawful detainer was filed in the magistrate court on April 11, 1952. The tenant's employee in charge left the premises on October 15, 1952. The tenant removed the last of his equipment on January 3, 1953.

■■ The landlord asserts that he made a submissible case of forfeiture by showing breach of various covenants such as those for the payment of rent, for the keeping of the premises clean and in a presentable condition, for the return of the personal property to the landlord in the same condition as when received, reasonable wear and tear excepted, and prohibiting the making of changes on the premises without the consent of the landlord, etc. If there was a forfeiture the case should have been submitted to the jury, because the determination of any lease by forfeiture has the same effect as if the term thereby created had expired. § 534.280 RSMo. 1949, V.A.M.S.

■■ It should be noted that the tenant is not entitled to the benefit of § 441.040 RSMo 1949, V.A.M.S., which, upon due notice, gives a landlord a right to re-enter the premises and take possession thereof for violation by the tenant of "any of the conditions of his written lease," for the reason that this section applies to leases for terms not exceeding two years, § 441.-030 RSMo 1949, V.A.M.S., and therefore is inapplicable to the instant lease for three years. Edwards v. Collins, 198 Mo. App. 569, 199 S.W. 580; Guthrie v. Hartman, Mo.App., 226 S.W. 593.

■■ If the provisions of the lease which have been violated are covenants merely, as distinguished from conditions, the landlord has no right to re-enter and enforce a forfeiture for their breach in the absence of an express proviso that a breach of the covenant shall work a forfeiture or entitle the landlord to re-enter. Eurengy v. Equitable Realty Corporation, 341 Mo. 341, 107 S.W.2d 68, loc. cit. 72; Henry v. Excelsior Springs Mineral Water & Bottling Co., 277 Mo. 508, 211 S.W. 9; Guthrie v. Hartman, supra; Edwards v. Collins, supra and cases cited; Long v. Rucker, 166 Mo.App. 572, 149 S.W. 1051; Mullaney v. McReynolds, 170 Mo.App. 406, 155 S.W. 485; Jones, Landlord and Tenant, §§ 487, 502; Thompson on Real Property, Perm.Ed., Vol. 3, §§ 1463, 1482; 51 C.J.S., Landlord and Tenant, § 104 b, p. 683; 32 Am.Jur., Landlord and Tenant, §§ 847, 848, pp. 720, 721. In such case the

landlord's remedy, if he desires to recover rent and possession, is the procedure provided by Chapter 535 RSMo 1949, V.A.M.S. § 535.010 et seq. Tarlotting v. Bokern, 95 Mo. 541, 8 S.W. 547. He would have his action at law for damages caused by the breach, Thompson on Real Property, cit., supra, and under proper conditions he could resort to equity to prevent a continuation of the breach. Knoepker v. Redel, 116 Mo.App. 62, 92 S.W. 171. If they are conditions, and not covenants, then a qualification is annexed to the estate by which, depending upon the happening or non-happening of an event, the estate may be destroyed. Thompson on Real Property, Perm.Ed., Vol. 3, § 1458; Jones, Landlord and Tenant, § 482; Taylor's Landlord and Tenant, Ninth Ed., Vol. 1, § 271; 31 C.J.S., Estates, § 20, p. 30; 19 Am.Jur., Estates, § 58.

■■■■ Whether a clause in a deed, contract (or lease) is a condition or covenant is one of intent to be gathered from the whole instrument by following out the object and spirit of the instrument. Holekamp Lumber Co. v. State Highway Commission, Mo.Sup., 173 S.W.2d 938 and cases cited; 2 Tiffany on Landlord and Tenant, § 194a. The rule of strict construction is applicable in making such a determination. Conditions are not favored in law, because they tend to destroy estates. When relied on to work a forfeiture they must be created in express terms or by clear implication. Holekamp Lumber Co. v. State Highway Commission, supra; Bagby v. Missouri-Kansas-Texas R. Co., 351 Mo. 79, 171 S.W.2d 673; Chouteau v. City of St. Louis, 331 Mo. 781, 55 S.W.2d 299; German Evangelical Protestant Congregation of Church of Holy Ghost v. Schreiber, 277 Mo. 113, 209 S.W. 914; Catron v. Scarritt Collegiate Institute, 264 Mo. 713, 175 S.W. 571; Morrill v. Wabash, St. L. & P. Ry., 96 Mo. 174, 9 S.W. 657; Thompson on Real Property, Perm.Ed., Vol. 3, § 1462.

■■■■ The provisions of the lease for the return of the personal property, the hauling away of debris, the keeping of the plumbing and sewage facilities open, the making of changes on the premises, etc., plainly were covenants merely, without provision for forfeiture and re-entry upon breach, and not conditions.

■■■ The landlord, however, strenuously emphasizes the language of Provision Y, claiming the right of forfeiture for breach of the covenant to keep the premises in a clean and presentable condition. Considering Provision Y in particular and the lease as a whole we are of the opinion that the words "Should anything of such nature occur," prefacing the cancellation clause, while doubtless applicable to the tenant's agreement not to create or permit nuisances, liquor sales or law violations on the premises, have no application to the tenant's covenant to keep the premises in a clean and presentable condition. That the cancellation clause of Provision Y is not related to the "clean and presentable condition" clause is readily to be observed by omitting the intervening language and reading the two in conjunction with each other. The one does not logically follow the other. The language and structure of the cancellation clause of Provision Y is such that it relates to negative, but not to affirmative, covenants. No cancellation clause is to be found following other covenants relating to orderliness and cleanliness, e. g., the covenants to keep the grass cut, to pick up empty bottles, refuse and debris, and to haul away ashes, garbage and refuse, but paragraph 2, page 5, of the lease does provide for cancellation for breach of the tenant's agreement to apply and pay for governmental licenses required by law and to comply with all laws. This further supports our conclusion that it was the intention of the parties to invest the landlord with the power to terminate the tenancy if the tenant created or permitted nuisances, liquor sales or law violations on the premises (of which there was no evidence), but that it was not intended or contemplated that a violation of the other covenants of the lease to which reference has been made would entitle the landlord to cancel the agreement and repossess the premises.

Provision X, however, is a condition and not a covenant. Considered apart from the other provisions of the lease Provision X contains the language of a condition precedent. See City of St. Louis v. Wiggins Ferry Co., 88 Mo. 615, and Elliott v. Stone, 1 Gray 571, 67 Mass. 571. Other provisions of the lease, however, plainly reveal the intention of the parties that an estate for a term of three years be created and that it vest, and not that a new tenancy for one month be created on the first day of each month upon the advance payment of the rental. The only reasonable construction to be given Provision X is that it creates a condition subsequent that the failure to pay the rentals reserved will operate to defeat the estate conveyed. In Essex Title Guaranty & Trust Co. v. Wylie, 120 N.J.L. 217, 198 A. 887, the lease provided for a yearly rental payable monthly in advance on the first day of each month and that upon default of the mortgagee in possession in the performance of any of the covenants of the lease the estate created, at the option of the owner, immediately therefrom ceased and determined. The tenant was in arrears in the payment of rent and the owner elected to treat the term as ended. It was held that entry of judgment for plaintiffs in ejectment was proper, 198 A. loc. cit. 887, " * * * because a grant with a proviso to pay a certain rent by a certain day, and unless done the estate thereby granted should be void, is a condition, and upon the nonperformance of which the grantor may reenter." The instant situation is analogous. Nor does the condition fail for lack of a clause expressly reserving a right of reentry for condition broken, Catron v. Scarritt Collegiate Institute, supra; Essex Title Guaranty & Trust Co. v. Wylie, supra; Taylor's Landlord and Tenant, Ninth Ed., Vol. 1, § 291; 19 Am.Jur., Estates, § 64, where, as here, the intention to cause a reversion of the estate upon the subsequent happening of a lawful condition is ascertained from the instrument considered as an entirety.

A breach of a condition subsequent, however, does not ipso facto terminate a lease. Walker v. Engler, 30 Mo. 130; Thompson on Real Property, Perm. Ed., Vol. 3, § 1459; Jones, Landlord and Tenant, § 495; Taylor's Landlord and Tenant, Ninth Ed., Vol. 1, § 288; 51 C.J.S., Landlord and Tenant, §§ 114, 117 a. To work a forfeiture of a leasehold estate at common law for non-payment of rent there must be a notice of forfeiture and a demand for the payment of the rent. Carbonetti v. Elms, Mo.App., 261 S.W. 748 and cases cited; 51 C.J.S., Landlord and Tenant, § 114 b, p. 694; Taylor's Landlord and Tenant, Ninth Ed., Vol. 1, § 297, p. 362; Thompson on Real Property, cit. supra, and § 1471. Assuming (but not deciding) that the letter of February 23, 1952, was a sufficient notice of forfeiture, it is evident that there was no demand for performance within the strict requirements of the common law, under which the demand for rent must be made precisely on the very day when the rent becomes due, and for the precise amount due. Carbonetti v. Elms, supra, and numerous cases cited; Jones, Landlord and Tenant, § 503; Tiffany on Landlord and Tenant, Vol. 2, § 194; Thompson on Real Property, Perm. Ed., Vol. 3, § 1483; 51 C.J.S., Landlord and Tenant, § 114(2), p. 696.

Instead of resorting to the simple method of statutory forfeiture for non-payment of rent, as provided by § 535.010 et seq., supra, by which he could have recovered rent and possession expeditiously the landlord invoked the harsh remedy of common law forfeiture, seeking not only to terminate the estate, but also, by proceeding in unlawful detainer, to recover double damages and double rents and profits. § 534.330 RSMo 1949, V.A. M.S. Under these circumstances the landlord will be held to the scrupulous observance of every requirement of the common law. Carbonetti v. Elms, supra; Knight v. Orchard, 92 Mo.App. 466; Thompson on Real Property, Perm.Ed., Vol. 3, § 1462, p. 703. Accordingly, no demand having been made on any day when the rent be-

came due, for the precise amount then due, the landlord has not shown himself entitled to forfeiture of the lease and the attempted forfeiture will not be enforced. Carbonetti v. Elms, supra.

The circuit court properly directed a verdict for the tenant, and the Commissioner recommends that the judgment be affirmed.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The judgment of the circuit court is, accordingly, affirmed.

ANDERSON, P. J., MATTHES, J., and NOAH WEINSTEIN, Special Judge, concur.