**NEW BRENTWOOD REALTY, INC.,**
**Plaintiff-Respondent,**

v.

**The STRAD, INC., Defendant-Appellant.**

**No. 35380.**

Missouri Court of Appeals,
St. Louis District,
Division One.

April 23, 1974.

Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, John L. Mc-Mullin, Paul S. Brown, St. Louis, for defendant-appellant.

Victor Packman, Thomas C. Boyle, St. Louis, for plaintiff-respondent.

SIMEONE, Judge.

This is an appeal from a judgment of the circuit court of St. Louis County entered January 17, 1973 in favor of plaintiff-respondent New Brentwood Realty, Inc. against defendant-appellant The Strad, Inc. restoring premises at 12–14 North Brentwood owned by plaintiff and leased to defendant and awarding double rent.

Defendant-appellant, The Strad, Inc., appeals on the ground that the court erred in overruling its motion for judgment in accordance with its motion for directed verdict because the evidence considered in the light most favorable to plaintiff shows that plaintiff did not make demand for payment of rent on the precise day the rent became due (the 15th of the month) and for the precise amount of the rent.

Plaintiff, New Brentwood Realty, Inc., filed its complaint in "Action of Unlawful Detainer Where Tenant Holds Over" after notices declaring the lease on the premises forfeited for nonpayment of rent due December 15, 1968 and January 15, 1969. The evidence favorable to plaintiff does not disclose that a notice of forfeiture nor demands for the rent were made on the precise day the rents became due nor in the precise amount of the rent.

Plaintiff did not take advantage of the "statutory forfeiture" procedure as outlined in § 535.010–535.180, RSMo., but declared a forfeiture for nonpayment of rent and brought action in unlawful detainer under § 534.030, RSMo.

Instead of resorting to the simple method of statutory forfeiture under Chapter 535, for nonpayment of rent, plaintiff invoked the remedy of common law forfeiture, seeking to recover in unlawful detainer and double damages. §§ 534.030, 534.330. When such common law procedure is invoked, the landlord will be held to the scrupulous observance of every requirement of the common law. Those requirements include a demand for the precise amount due on the precise day that the rent is due. The evidence favorable to the plaintiff does not reveal that plaintiff observed these common law requirements; hence we are compelled to reverse the judgment. Carbonetti v. Elms, 261 S.W. 748, 750 (Mo.App.1924); Waring v. Rogers, 286 S.W.2d 374, 379 (Mo.App.1956); Independence Flying Service, Inc. v. Abitz, 386 S.W.2d 399, 404 (Mo.1965); Fritts v. Cloud Oak Flooring Company, 478 S.W.2d 8, 12 (Mo.App.1972); 49 Am.Jur.2d, Landlord and Tenant, §§ 1034, 1035, 1036 (1970); Annot. 28 A.L.R.2d 803 (1953).

Prior to the day the cause was set for argument, the attorney on appeal for respondent candidly and commendably admitted in a letter to this court, "We have reviewed the record and defendant-appellant's Brief and are convinced that defendant's motion for a directed verdict should have been sustained. We therefore will file no respondent's Brief with the expectation that the lower Court will be reversed."

We have read the complete transcript and all the authorities relied upon and under the law we have no alternative but to reverse the judgment entered January 17, 1973. Since we reverse, it is unnecessary to pass on the other points raised by the appellant.

The judgment is reversed and the cause remanded to the Circuit Court with instructions to enter judgment for the defendant, The Strad, Inc. and for any further proceedings consistent with such judgment.

DOWD, C. J., and KELLY, J., concur.