**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Michael Wayne PROBST,
Defendant-Appellant.**

**No. 37662.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 23, 1977.

Buerkle, Buerkle & Lowes, Jackson, Jim Gibson, Cape Girardeau, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Frank Murphy, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

The defendant takes this appeal from a conviction of the offense of injuring a dwelling house. § 560.395, RSMo.1969. The jury assessed his punishment at six months in jail.

Defendant orally leased the house on a month-to-month basis and paid rent of fifty dollars per month. He made his last rent payment in November, 1974. In the months which followed, the defendant continued to occupy the house, and, after making several unavailing demands for past-due rent, the owner brought an action in the magistrate court for possession and past-due rent. Judgment was rendered on March 10, 1975, and the defendant vacated the premises on March 16 after being notified of the judgment. A subsequent inspection of the house revealed the storm door had been forcefully removed, windows had been broken, the walls and draperies had been spray painted, ketchup or tomato juice had been splattered on the floor and walls, and holes had been punched in one wall of the house.

The information alleges that the offense was committed on or about March 15, 1975. In his appeal, the defendant contends that as a tenant he had an interest in the property and could not be prosecuted under § 560.395.[1] It is true that a lease conveys an interest in property, *Sharp v. W. & W.*

---

1. One of the requirements of the statute is that the defendant have no interest in the property. *State v. Crenshaw*, 41 Mo.App. 24 (1890).

*Trucking Co.*, 421 S.W.2d 213, 218 (Mo. banc 1967), and that the defendant occupied the house as a tenant from month to month, *Davis v. Gerson*, 219 S.W.2d 748 (Mo.App. 1949). Moreover, the defendant's non-payment of rent alone did not terminate the tenancy. The dispossession order of the magistrate court, however, effected a forfeiture of the leasehold, *Carbonetti v. Elms*, 261 S.W. 748, 751 (Mo.App.1924), dissolved the relation of landlord and tenant, and terminated the tenancy. *Tarlotting v. Bokern*, 95 Mo. 541, 8 S.W. 547 (1888).

■ Based on the evidence, and considering in particular the nature of the property damage, the jury could reasonably find that the defendant committed the offense after March 10 and prior to vacating the premises, at a time when he no longer held an interest in the property.

■ The defendant also argues that the court erred in admitting evidence of damage to the interior of the house.[2] The defendant was charged and convicted of willfully and maliciously injuring a dwelling house by breaking a window and by forcefully removing a storm door attached to the front door of the dwelling.[3] As a rule, evidence of similar acts or other offenses is not admissible unless such evidence has some legitimate tendency to directly establish the defendant's guilt of the charge for which he is on trial. Such evidence is competent to prove the specific crime charged when it tends to establish (1) motive, (2) intent, (3) absence of mistake or accident, (4) common scheme or plan, or (5) identity. *State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304, 307 (Mo. banc 1954). In that malice is an element of this offense, the evidence of damage to the interior of the house was relevant and admissible to show defendant's malicious intent to injure the door and windows of the house.

2. § 560.395 makes a misdemeanor the willful and malicious breaking, destruction or injury of "the door or window of any dwelling house, shop, store or other house or building, * *."

The judgment of the trial court is affirmed.

McMILLIAN, P. J., and STEWART, J., concur.

3. The court sustained a motion to strike from the original information allegations of damage to the interior of the house.