Fay ESKEW and Carolyn Eskew,
Plaintiffs-Appellants,

v.

D. M. HAWKINS and Mark Morton,
Defendants-Respondents.

No. 11894.

Missouri Court of Appeals,
Southern District,
Division Two.

July 9, 1981.

Loren R. Honecker, J. R. Victor, Springfield, for plaintiffs-appellants.

William A. Wear, Jr., Blythe Crist-Brown, Wear & Wear, Springfield, for defendants-respondents.

PREWITT, Presiding Judge.

Plaintiffs were tenants and defendants the landlords of a restaurant building. Plaintiffs, claiming a right of possession under a lease, sought an injunction and damages against defendants for interfering with that right. Defendants contend that they properly terminated the lease because the monthly rent was not paid when due. The trial court found that the lease was terminated, denied plaintiffs' request for relief, and decreed that defendants had a right to possess the building.

■ Defendants did not proceed under Chapter 535, RSMo 1978, and do not contend that they complied with the procedure for a common law forfeiture of the lease. Forfeitures of leaseholds are viewed with disfavor. *Fritts v. Cloud Oak Flooring Company*, 478 S.W.2d 8, 14 (Mo.App.1972). Unless waived by agreement, to effectuate a forfeiture of a lease every requirement of the common law must be scrupulously observed. *Independence Flying Service, Inc. v. Abitz*, 386 S.W.2d 399, 404 (Mo.1965); *Fritts v. Cloud Oak Flooring Company*, supra, 478 S.W.2d at 12; *Waring v. Rogers*, 286 S.W.2d 374, 379 (Mo.App.1956). To create a forfeiture of a leasehold interest at common law for nonpayment of rent there must be a notice of forfeiture and a demand for payment of rent and the demand for rent must be made precisely on the very day when the rent becomes due, and for the precise amount due. *Fritts v. Cloud Oak Flooring Company*, supra, 478 S.W.2d at 12; *Waring v. Rogers*, supra, 286 S.W.2d at 379. Here there was no demand for payment but merely a declaration by letter that the lease was forfeited. Defendants contend that this was sufficient as the common law requirements were waived by the following paragraph in the lease:

"If any default be made in the payment of rent, or default in the perform-ance or observance of any other covenant, agreement or condition herein contained to be performed by the Lessee, the Lessor shall have the right to re-enter and take possession of the premises, and the estate of the Lessee shall be forfeited, and the Lessee will peacefully surrender possession thereof to the Lessor and all rights and interests of the Lessee hereunder shall cease and terminate, and nothing herein contained shall affect the Lessor's right to the rental for the term herein specified. Upon taking possession hereunder, the Lessor may at its election terminate and end this Lease or the Lessor may relet said property, and the Lessee shall be liable for and shall pay, as it accrues, the difference in the rental for the balance of the term."

Plaintiffs claim that the paragraph was insufficient to waive those requirements and in view of the holding in *Independence Flying Service, Inc. v. Abitz*, supra, 386 S.W.2d at 402, we are compelled to agree. The lease in dispute there stated:

"... if default be made in the payment of rent after the same is due or upon the breach of any of the covenants and agreements herein contained, the Lessor or her agent shall have the right to enter and take possession of the leased premises, and the Lessee agrees to deliver same without process of law, and this lease, at the option of the Lessor, shall terminate, but for this cause the obligation of the Lessee to pay shall not cease and the Lessee shall be liable for any loss or damage to the Lessor for its failure to comply with the terms hereof."

In that case the lessor was held to the common law requirements, the court saying at p. 404:

"The lease made no provision for the making of any other or different demand or notice of forfeiture than that required by the common law, and there was no provision in the lease for the waiver of these requirements."

The forfeiture paragraph in the present lease is similar to that in *Independence*

*Flying Service, Inc.,* and contains no provision for any demand or notice other than the common law, nor an express waiver of those requirements. We hold that the trial court erred in determining that the lease had been terminated. The judgment must be reversed and the cause remanded for proceedings to assess plaintiffs' damages, if any, due to defendants' entering upon the premises and excluding plaintiffs, if defendants did so. *Independence Flying Service, Inc. v. Abitz,* supra, 386 S.W.2d at 405.

The judgment is reversed and the cause remanded to the trial court for further proceedings to assess plaintiffs' damages, if any, as a result of defendants' entry upon the premises, if defendants did so; to thereafter enter judgment declaring that plaintiffs are entitled to possession of the premises and such damages, if any, as the court finds plaintiffs are entitled to; and finding in favor of plaintiffs and against defendants on defendants' claim for possession and damages.

All concur, except MAUS, J., not participating.